IN THE MATTER OF: ESTATE OF J. ROBERT CONNOR, DECEASED

No. 6918SC167

(Filed 2 July 1969)

**1. Wills § 61— right of dissent of surviving spouse**

The qualified right of a surviving spouse to dissent from the deceased spouse's will arises when the value of property passing under the will added to the value of property passing outside the will as a result of the testator's death is less than the intestate share, or is less than one-half the net estate of the deceased spouse if neither lineal descendant nor parent survives. G.S. 30-1.

**2. Descent and Distribution § 1— intestate share of surviving spouse**

When an intestate has no lineal descendants but is survived by a spouse and a parent, the intestate share of the surviving spouse is a one-half undivided interest in the real property and the first ten thousand dollars in value plus one-half of the remainder of the personal property. G.S. 29-14(3).

**3. Descent and Distribution § 1— what constitutes the "intestate share"**

The intestate share does not include the value of property passing by survivorship (which includes property owned as tenants by the entirety), joint accounts with right of survivorship, and insurance payable to the surviving spouse.

**4. Wills § 61— right of dissent of surviving spouse — G.S. 30-1 — intestate share**

"Intestate share," as used in G.S. 30-1 providing for spouse's right of dissent from will, means the amount of real and personal property that the surviving spouse would receive under the Intestate Succession Act, G.S. Ch. 29, had the deceased spouse died intestate, and does not include property received by surviving spouse as a tenant by the entirety, or from insurance contracts, or from joint accounts with right of survivorship.

**5. Wills § 61— right of dissent — valuation of the estate**

Requirement of G.S. 30-1, which permits dissent by surviving spouse from deceased spouse's will, that the property of the estate shall be determined and valued as of the date of death of the testator is mandatory and must be complied with before there can be a proper determination as to the right of the surviving spouse to dissent.

**6. Executors and Administrators § 23; Descent and Distribution § 1— intestate share of surviving spouse — year's support allowance**

The year's allowance for the surviving spouse under the provisions of G.S. 30-15 is not a part of the "intestate share" passing to a surviving spouse under the Intestate Succession Act. G.S. Ch. 29.

APPEAL by surviving spouse Lucille M. Connor from *Exum, J.,* 17 December 1968 Session of Superior Court of GUILFORD County.

J. Robert Connor died testate on 18 October 1967. The testator had no lineal descendants. At the time of his death he was survived by his second wife, Lucille M. Connor, and his mother, Daisy Lee Connor. The will was probated and the executor named in the will, North Carolina National Bank, qualified on 7 November 1967. Under the terms of the will, the testator created a trust for the benefit of his wife during her lifetime, and in addition granted to her a power of appointment by will over the principal of the trust estate. The amount provided to fund this trust was that amount of property which would be equal to the maximum marital deduction allowable for federal estate tax purposes — that is, one-half of the adjusted gross estate as computed for federal tax purposes — less the value of all other property interests included in testator's gross estate for federal estate tax purposes and which passed to his widow either under other provisions of the will or in any other manner outside of the will in such manner as to qualify for the marital deduction. On 6 May 1968, Lucille M. Connor filed with the Guilford County Clerk of Court a dissent to the will of her late husband. The attorneys for the executor and the surviving spouse on 7 May 1968 stipulated:

"1. That the actual valuation of the various properties of the probate estate of the decedent and the properties passing outside the will to the surviving spouse are indeterminate at this time; however, estimated values of the properties in the probate estate are:

Real Estate, stocks, tangible personal
property, cash and other assets          $203,000.00

Estimated valuations of properties passing to the surviving spouse outside the will:

Real estate by the entirety, insurance
and survivorship property          61,600.00

2. The surviving spouse, pursuant to the terms of the Last Will and Testament of J. Robert Connor, Deceased, is the beneficiary of the maximum marital deduction allowable for Federal Estate Tax purposes, thereby giving the surviving spouse one-half ($\frac{1}{2}$) of the adjusted gross estate including property passing under the will and properties passing outside the will to said surviving spouse.

3. The decedent is survived by the surviving spouse, LUCILLE

MARTIN CONNOR, and his mother, DAISY LEE CONNOR, therefore, the intestate share of the surviving spouse is:

— ½ of the real property

— The first $10,000.00 in value plus ½ of the remainder of the personal property (GS 29-14)

— A Widows Years Allowance for the surviving spouse (GS 30-15 et seq)

4.  In the particular instance of this estate, the question for determination is whether or not the surviving spouse has a right to dissent and the actual valuation of the properties are incidental to said conclusion.

5.  The estimated value of properties set forth hereinabove are estimated and are subject to inaccuracies and corrections and the parties hereto shall in no ways be bound by said values, other than for the purpose of estimating values for the court in determining the surviving spouse's right to dissent.

6.  Actual values will be provided to the court upon final determination by the parties to this Stipulation and Agreement, or in the event it should be determined that the valuations have a bearing upon the determination of the right of the surviving spouse to dissent, and the parties cannot agree to such values, neither party shall be deemed to have waived any rights either has for determination of values pursuant to the Statutes of the State of North Carolina."

On 28 August 1968 the attorneys for the executor and the surviving spouse moved that the matter be heard by the Clerk of Superior Court of Guilford County on 28 August 1968, or as soon thereafter as might be set by the court, and both moved "the court for judgment determining the right of the surviving spouse" to dissent, and made further stipulations as follows:

"1.  That J. Robert Connor died October 18, 1967.

2.  That North Carolina National Bank is the duly appointed, qualified and acting Executor of the Estate of J. Robert Connor, Letters Testamentary having been issued on November 7, 1967.

3.  That the decedent, J. Robert Connor, died leaving his wife, Lucille Martin Connor, as the surviving spouse, and his mother, Daisy Lee Connor; that no children were born of the marriage between the decedent and said surviving spouse; that said surviving spouse is a second or successive spouse of the decedent, but no children were born of the first marriage of the decedent.

4. That the decedent, J. Robert Connor, died leaving a Last Will and Testament under which the said surviving spouse is the beneficiary of the maximum marital deduction allowable for Federal Estate Tax purposes, to wit: One-half of the adjusted gross estate including properties passing under the will and properties passing outside the will to said surviving spouse.

5. That the surviving spouse, in apt time, filed a dissent from the Last Will and Testament of J. Robert Connor on the 6th day of May, 1968, with a Stipulation and Agreement between the North Carolina National Bank, Executor of the Estate of J. Robert Connor, and Roberson, Haworth & Reese, Attorneys for the surviving spouse, being filed on the 7th day of May, 1968.

6. That the intestate share of said surviving spouse is:

— One-half undivided interest in the real property, and

— The first $10,000.00 in value plus one-half of the remainder of the personal property

(See GS 29-14)

In addition to said share of the surviving spouse, the surviving spouse is entitled to a Widows Year's Allowance under GS 30-15 et seq.

7. That the surviving spouse received properties passing outside the will as a result of an estate by the entirety, insurance contracts and joint accounts with right of survivorship.

8. That the actual values of the properties passing outside the will and those passing under the will are not necessary for the determination of the surviving spouse's right to dissent from the will for the reason that the surviving spouse's share under the will is the maximum marital deduction allowable for the Federal Estate Tax purposes, and the intestate share of the surviving spouse under the facts in this cause, is fixed by the Laws of the State of North Carolina."

On 11 September 1968, J. P. Shore, Clerk of the Superior Court of Guilford County, entered a judgment based upon the stipulated facts wherein he found that Lucille M. Connor was entitled "to dissent from the Will of J. Robert Connor." The executor gave notice of appeal to the Superior Court of Guilford County. On 18 December 1968, Judge Exum entered a judgment reversing the judgment of the Clerk of Court, and concluded as a matter of law that the surviving spouse, Lucille M. Connor, was not entitled to dissent from the will of her late husband. From the judgment of the Superior

Court, the surviving spouse, Lucille M. Connor, appeals to the Court of Appeals assigning error.

*Sprinkle, Coffield & Stackhouse for North Carolina National Bank, appellee.*

*Roberson, Haworth & Reese for Lucille M. Connor, appellant.*

MALLARD, C.J.

[1] The qualified right of a surviving spouse to dissent arises under G.S. 30-1. This right arises when the value of property passing under the will added to the value of property passing outside the will as a result of the testator's death is less than the intestate share, or is less than one-half the net estate of the deceased spouse if neither lineal descendant nor parent survive.

[2, 3] Under G.S. 29-14(3) when an intestate has no lineal descendants but is survived by a spouse and a parent, the intestate share of the surviving spouse is a one-half undivided interest in the real property and the first ten thousand dollars in value plus one-half of the remainder of the personal property. See *Smith v. Smith,* 265 N.C. 18, 143 S.E. 2d 300 (1965). The intestate share does not include the value of property passing by survivorship (which includes property owned as tenants by the entirety), joint accounts with right of survivorship, and insurance payable to the surviving spouse.

The question the parties attempt to present is whether Lucille M. Connor, as surviving spouse, can dissent from the will of her deceased husband. The will provides that she is to receive the income for life of a trust established for her benefit and provides further that the trustee, in its discretion, may invade the principal in order to make such payments as it may deem requisite or desirable to meet her reasonable needs. The only direct control the surviving spouse has over this trust property is the power to dispose of the principal of the trust remaining at her death. The trust property consists of that part of the "residuary estate which will equal the maximum marital deduction allowable in determining the federal estate tax payable by reason of my death, diminished by the value of all other property interests which will be included in my gross estate for federal estate tax purposes and which pass or have passed from me to my wife (either under any other provisions of this Will or in any other manner outside of this Will) in such manner as to qualify for the marital deduction."

The question of whether a surviving spouse can dissent from the

will of her deceased husband when the will gives her the maximum marital deduction allowable to such spouse for federal estate tax purposes, and the deceased also leaves a parent surviving, should be determined under G.S. 29-14(3) by following the statute [G.S. 30-1(c)] with respect to determining the property involved and its value.

[4] "Intestate share," in this case, means the amount of real and personal property that Lucille M. Connor, the surviving spouse, would receive under the provisions of Chapter 29 of the General Statutes of North Carolina, known as the Intestate Succession Act, if J. Robert Connor, her husband, had died intestate. "Intestate share" in this case does not include any property received by Lucille M. Connor as a tenant by entirety, or from insurance contracts, or from joint accounts with right of survivorship.

In this case it was stipulated that J. Robert Connor is survived by his mother Daisy Lee Connor, and that Lucille Martin Connor is the second wife and the surviving spouse of J. Robert Connor, deceased, and that no children were born to either of the two marriages of J. Robert Connor. The right of a surviving spouse to dissent from the will of the deceased spouse is governed by Art. 1 of Chapter 30 of the General Statutes. G.S. 30-1(c) provides that:

> "For the purpose of establishing the right of dissent, the estate of the deceased spouse and the property passing outside of the will to the surviving spouse as a result of the death of the testator *shall be determined and valued as of the date of his death,* which determination and value the executor or administrator with the will annexed and the surviving spouse are hereby authorized to establish by agreement subject to approval by the clerk of the superior court. If such personal representative and the surviving spouse do not so agree upon the determination and value, or if the surviving spouse is the personal representative, or if the clerk shall be of the opinion that the personal representative may not be able to represent the estate adversely to the surviving spouse, the clerk shall appoint one or more disinterested persons to make such determination and establish such value. Such determination and establishment of value made as herein authorized *shall be final for determining the right of dissent and shall be used exclusively for this purpose."* (Emphasis added).

[5] This statute which permits dissent in certain instances also requires that the property involved shall be determined and valued as of the date of death of the testator. The procedure is mandatory.

It was not followed in the case before us. This statute also provides that when the values are determined as set out therein such are final for determining the right of dissent and shall be used exclusively for this purpose. No doubt when this legislation was enacted it was contemplated that the right to dissent would be thus mathematically established. In the hearing before the Clerk of Court and again before the judge of the Superior Court the parties by stipulation attempted to circumvent the provisions of the statute relating to the determination of what property and the values thereof is involved in the dissent.

In his judgment dated 17 December 1968, Judge Exum made the following finding of fact, "(t)hat the values of the properties in the Estate have not been agreed upon by the parties and approved by the clerk as provided for in G.S. 30-1(c), but that the parties have agreed that the following are the *present* values of the property passing both under the Will and outside of the Will:" (Emphasis added). In the record before us there is no determination and valuation of the property passing to the surviving spouse under the will and outside the will as of the date of the death of J. Robert Connor as provided by the statute. In the absence of such determination and valuation there can be no proper determination of whether the right to dissent has been established. When the property involved is determined and valued as provided by statute, then the right of dissent can be determined mathematically.

[6]    If there had been no will, Mrs. Connor would have received, under G.S. 29-14(3), in addition to one-half of the real property, the first $10,000.00 of personal property, plus one-half of the remainder of the personal property belonging to the estate of her deceased spouse, J. Robert Connor. Also, the parties in this case stipulated that the intestate share of the surviving spouse is a "one-half undivided interest in the real property, and the first $10,000.00 in value plus one-half of the remainder of the personal property." Also, the parties have stipulated that the widow's years allowance under G.S. 30-15 is "in addition to said share of the surviving spouse." We are of the opinion and so hold that the year's allowance for the surviving spouse under the provisions of G.S. 30-15 is not a part of the "intestate share" passing to a surviving spouse under the provisions of Chapter 879, Session Laws of 1959, codified as Chapter 29 of the General Statutes and known as the Intestate Succession Act.

[1, 4, 5]    In order to ascertain if Mrs. Connor has the right to dissent in this case, it will be necessary to determine two figures. The first figure is the aggregate value of the provisions of the will

for her benefit added to the value of the property passing to her
·outside the will (in this case, entireties real property, joint accounts
with right of survivorship, and life insurance). By virtue of the
language of her husband's will, which was designed to take advan-
tage of the maximum marital deduction allowable for federal estate
tax purposes, this first figure will ·equal exactly one-half of her hus-
band's adjusted gross estate as computed for federal estate tax pur-
poses. The second figure, with which this first figure is to be com-
pared, is the value of her "intestate share." Under our interpretation,
these words do not refer to, and consequently her "intestate share"
does not include, the value of the entireties real property, joint ac-
counts with right of survivorship, or the proceeds of life insurance
policies payable to Mrs. Connor as beneficiary. Only if the first
figure, referred to above, is less than the second figure, will Mrs.
Connor have the right to dissent. G.S. 30-1(a). Since in this case the
first figure includes, and the second figure does not include, the en-
tireties real property, joint accounts with right of survivorship, and
the life insurance, it would appear that in· this case the· first figure
will probably be larger than the second. If so, Mrs. Connor will not
have the right to dissent. Had there been no entireties real property,
no accounts with right of survivorship, or life insurance, then ob-
viously the result might be different, since in such event the first and
second figures would be computed on the basis of the same properties,
and by the provisions of G.S. 29-14(3) the amount of Mrs. Connor's
intestate share would include the first $10,000.00 of personal property
before division of the remainder. In any event, for purposes of estab-
lishing whether Mrs. Connor has the right to dissent in this case,
the provisions of G.S. 30-1(c) relating to the determination of the
property involved and its value must be complied with. The values
determined under G.S. 30-1(c) will not necessarily be the same as
the values finally determined for federal estate tax purposes. In ad-
dition, the impact of estate and inheritance taxes, which under the
will are to be paid out of that portion of the estate not passing to
Mrs. Connor but which, in event of her dissent, would be payable
out of the entire estate, must be taken into account. In this connec-
tion see: G.S. 29-13; G.S. 30-3; *Tolson v. Young*, 260 N.C. 506, 133
S.E. 2d 135 (1963). Accordingly, the judgment of the Superior Court
is vacated and this case is remanded to the Superior Court of Guil-
ford County with instructions that it be remanded to the Clerk of
the Superior Court in order that the provisions of the Statute may
be complied with relating to the determination and value of the prop-

erty involved herein for the purpose of establishing the right to dissent.

Error and remanded.

BRITT and PARKER, JJ., concur.