IN RE ESTATE OF FRANCIS

[94 N.C. App. 744 (1989)]

No error.

Judges COZORT and GREENE concur.

---

IN THE MATTER OF THE ESTATE OF VIDA P. FRANCIS, DECEASED

No. 8917SC159

(Filed 1 August 1989)

1. **Wills § 61— dissent by spouse—value of net estate—real property**

    The Clerk of Court erred in a spousal dissent from a will by including in the value of the net estate the entire value of the real property. Upon the death of the first to die, the survivor becomes the sole owner of the real property, and no interest passes to the estate of the deceased spouse, so that the value of the real estate owned by the couple as tenants by the entirety should not be included in the testatrix's net estate for purposes of the dissent statute. N.C.G.S. § 29-2(5).

2. **Wills § 61 — dissent from will—value of estate—bank accounts**

    The Clerk of Court correctly included in the net estate for purposes of spousal dissent certain bank accounts held by the testatrix and the dissenting spouse as joint tenants with right of survivorship where the testatrix had retained complete control over the assets until the moment of her death.

3. **Wills § 61— dissent from will—value of property passing to surviving spouse—real property**

    The entire value of real property owned as tenants by the entirety should be included in the value of property passing to the surviving spouse outside the will in a spousal dissent, absent evidence of contribution to the purchase price by the surviving spouse. N.C.G.S. § 30-1(b)(4).

4. **Rules of Civil Procedure § 52.1— spousal dissent—conclusions and findings—adequate**

    The trial court did not err in a spousal dissent by adopting the Clerk of Court's very specific findings and making its con-

IN RE ESTATE OF FRANCIS

[94 N.C. App. 744 (1989)]

clusions in a single paragraph. N.C.G.S. § 1A-1, Rule 52(a)(1) requires only that the trial court's findings of fact be distinguishable from its conclusions of law.

APPEAL by respondent from *Mills (F. Fetzer), Judge.* Order entered 2 November 1988 in Superior Court, SURRY County. Heard in the Court of Appeals 11 July 1989.

The testatrix, Vida P. Francis, died on 13 September 1987 survived by no lineal descendant or parent. Following the filing of a 90 day inventory, the surviving spouse, C. A. Francis, dissented from the will pursuant to G.S. 30-1 to 30-3. On 18 July 1988, the Clerk of Superior Court made findings of fact and conclusions of law and ordered that Mr. Francis was entitled to dissent from the will. The Clerk found Mr. Francis was entitled to a monetary award equal to one-half the net estate value. Iva P. Marshall, executrix of the estate and a beneficiary under the will, appealed to the Superior Court. On 2 November 1988, the Superior Court affirmed the Clerk's order. Iva Marshall, as executrix and individually, appeals.

*Johnson, Bell & Francisco, by George Francisco, for petitioner-appellee C. A. Francis.*

*V. Talmage Hiatt for respondent-appellant Iva P. Marshall.*

LEWIS, Judge.

On 12 April 1967, the testatrix executed a will directing that all funds in savings accounts with three Mount Airy banks be divided equally among certain named relatives, including Iva P. Marshall, the testatrix's sister and the appellant in this case. This will left the remainder of her estate to Mr. Francis and named Mr. Francis executor. A codicil named her brother-in-law, Durard Marshall, and appellant as executors. Letters testamentary were issued to appellant following the testatrix's death on 13 September 1987. Appellant filed a 90 day inventory on 6 January 1988 listing the following assets: one-half the value of four joint bank accounts for a total of $46,274.48; cash on hand at death, $45.38; household and kitchen furnishings estimated value, $1,023.50; medicare check, $5.20; refund of Blue Cross and Blue Shield of North Carolina premium, $29.10; one-half the value of real property held as tenants by entirety, $14,399.00. The joint bank accounts with right of survivorship were held with appellant.

IN RE ESTATE OF FRANCIS

[94 N.C. App. 744 (1989)]

Mr. Francis, the surviving spouse, dissented from the will. The clerk found the testatrix's net estate included the following assets:

| | |
|---|---:|
| Joint bank accounts with the right of survivorship payable to Iva P. Marshall | $92,548.96 |
| Cash on hand at death | 45.38 |
| Medicare check | 5.20 |
| Blue Cross Blue Shield of North Carolina refund of premium | 29.10 |
| Personal property of Vida P. Francis located in the house as appraised by Dick Lawson | 2,055.00 |
| Value of real property owned as tenants by the entirety | 28,798.00 |

The clerk determined Mr. Francis was entitled to dissent from his wife's will under the provisions of G.S. 30-1(a)(2). Upon appeal by appellant, the Superior Court adopted the clerk's findings of fact and concluded that

the public policy favoring protection of a surviving spouse against disinheritance, which has been adopted and expressed by our legislature, should prevail. *Moore v. Jones*, 44 N.C. App. 578, 261 S.E. 2d 289 (1980). The testatrix, Vida P. Francis, deposited all of the funds in the joint bank accounts with the right of survivorship. She retained complete control and authority to make withdrawals thereby in effect retaining complete control of the assets up until the time of her death. *Myers v. Myers*, 68 N.C. App. 177, 314 S.E. 2d 809 (1984).

From the Superior Court's affirmance of the Clerk's order allowing dissent, appellant, as executrix and individually, appeals.

Appellant brings forward ten assignments of error grouped as three arguments. First, she assigns error to the trial court's adopting as its own the clerk's findings of fact regarding the value of the property passing to Mr. Francis under and outside the will. Second, she contends the trial court erred in concluding the joint bank accounts with right of survivorship in appellant should be included in the net estate for purposes of determining Mr. Francis' right to dissent. Finally, she contends the court erred in not separately stating its conclusions of law. We have reviewed the assignments of error and find them to be without merit.

IN RE ESTATE OF FRANCIS

[94 N.C. App. 744 (1989)]

The testatrix was not survived by any child, lineal descendant of a child or parent. Therefore, Mr. Francis may dissent from her will if the total value of property he received under and outside the will is less than one-half his wife's net estate. G.S. 30-1(a)(2). In this case, "[t]o determine whether a surviving spouse has the right to dissent from the deceased spouse's will it is necessary to ascertain and compare two figures. The first is the aggregate value of the property passing to the surviving spouse under the will and outside the will." *Phillips v. Phillips*, 296 N.C. 590, 597, 252 S.E. 2d 761, 766 (1979). The second is the value of one-half of the deceased spouse's net estate. Appellant brings forward assignments of error relating to both figures.

[1] First, we address the assignments of error relating to the value of the net estate. Appellant contends the court erred in finding "[t]he value of the decedent's net estate is at least $123,285.64, less family allowances, costs of administration and all lawful claims against the estate." Net estate is defined in G.S. 29-2(5) as "the estate of a decedent, exclusive of family allowances, costs of administration, and all lawful claims against the estate." Appellant contends the value is erroneous because it includes the entire $28,798.00 value of the real property. We agree.

The real property was owned by the testatrix and Mr. Francis as tenants by the entirety.

> This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. The estate rests upon the doctrine of the unity of person, and, upon the death of one, the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee. These two individuals, by virtue of their marital relationship, acquire the entire estate, and each is deemed to be seized of the whole, and not of a moiety or any undivided portion thereof. They are seized of the whole, because at common law they were considered but one person; and the estate thus created has never been destroyed or changed by statute in North Carolina.

*Davis v. Bass*, 188 N.C. 200, 203, 124 S.E. 566, 567-68 (1924) (citations omitted). Upon the death of the first to die, the survivor becomes the sole owner of the real property, and no interest passes to the

estate of the deceased spouse. *Underwood v. Ward,* 239 N.C. 513, 80 S.E. 2d 267 (1954); *Davis v. Bass, supra.* The value of the real property owned by the couple as tenants by the entirety should not be included in the testatrix's net estate for purposes of the dissent statute.

[2] Appellant also contends it was error to include in the net estate certain bank accounts held by the testatrix and appellant as joint tenants with right of survivorship. She contends that upon the testatrix's death the bank accounts with right of survivorship were owned solely by appellant and are not part of the net estate for purposes of the dissent statute. We disagree.

In *Moore v. Jones,* 44 N.C. App. 578, 261 S.E. 2d 289 (1980), this Court addressed whether a net estate included the value of an *inter vivos* trust in which the husband retained the right during his lifetime to withdraw trust assets, change beneficiaries and change the trust terms. The Court acknowledged that the trust met all requirements for a valid trust under state law. The Court also determined that the statutory right to dissent expressed the public policy of this state. The question presented was "whether that public policy or the *inter vivos* trust created by [the] husband which circumvents that public policy should prevail." *Id.* at 582, 261 S.E. 2d at 291. The Court held "that the public policy favoring protection of a surviving spouse against disinheritance, which has been adopted and expressed by our legislature by enactment of Article 1 of G.S. Ch. 30, should prevail." *Id.* at 583, 261 S.E. 2d at 292. Finding that the testatrix had retained until the moment of death the same powers over the trust assets that he had before creating the trust, the Court determined those assets should be considered a part of his net estate in determining the spouse's right to dissent. *Id.* In this case, the testatrix retained complete control over the assets of the bank account until the moment of her death. We believe the public policy expressed in the dissent statutes will be served by including in the net estate for purposes of the dissent statute the value of the bank accounts with right of survivorship in appellant.

[3] Next we address the assignment of error relating to the value of the property passing to Mr. Francis. Appellant contends the trial court erred by adopting the clerk's finding that "the value of the properties passing to the surviving spouse outside the Will and in accordance with the provisions of the Will does not exceed

**IN RE ESTATE OF FRANCIS**

[94 N.C. App. 744 (1989)]

$14,399.00." At the testator's death, Mr. Francis received $45.38 cash on hand at death, a $5.20 Medicare check, a $29.10 insurance premium refund and personal property located in the home. Thus, it appears the finding is incorrect in that the value of the property passing to Mr. Francis does exceed $14,399.00. However, this finding does not accurately reflect the value of Mr. Francis' share. Appellant contends that one-half the value of the real property owned as tenants by the entirety should be included in the value of property passing to Mr. Francis under and outside the will. As stated above, upon the death of the first to die, the survivor owns the property "not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each [spouse]." *Davis v. Bass*, 188 N.C. at 203, 124 S.E. at 567. G.S. 30-1(b)(4) requires inclusion of property passing to the surviving spouse outside the will. Subsection (4) includes, by way of illustration, the value of real property owned by decedent and the surviving spouse as tenants by the entirety "*except that* no property or interest in property shall be so included to the extent that the *surviving* spouse . . . contributed to its purchase price." (Emphasis added.) There is no evidence that the surviving spouse contributed to the purchase price. Absent any evidence of contribution on the part of the surviving spouse, the general proposition stated in subsection four controls and the entire value of the real property is included in the value of property passing to him outside the will.

[4] Appellant also contends the trial court erred in not separately stating its conclusions of law. G.S. 1A-1, Rule 52(a)(1) does require a trial court sitting without a jury to "find the facts specially and state separately its conclusions of law thereon." In this case, the trial court adopted the clerk's very specific findings of fact and made the conclusions set forth above in a single paragraph. "Rule 52(a)(1) requires only that the trial court's findings of fact be distinguishable from its conclusions of law." *Mitchell v. Lowery*, 90 N.C. App. 177, 184, 368 S.E. 2d 7, 11, *disc. rev. denied*, 323 N.C. 365, 373 S.E. 2d 547 (1988). This assignment of error is without merit.

The case is remanded to the Clerk of Superior Court for disposition in accordance with this opinion.

Remanded.

Judges PHILLIPS and COZORT concur.