In the Matter of the Estate of VIDA P. FRANCIS, Deceased

No. 342PA89

(Filed 26 July 1990)

**Wills § 61 (NCI3d)— dissent by spouse—value of estate—bank accounts and real property**

A surviving spouse received the same property that he would have received had his wife died without making a will, was not disinherited by the will, and could not dissent from the will where there were no children or other lineal descendants or parents; the estate included joint bank accounts with right of survivorship to decedent's sister, decedent's personal

**IN RE ESTATE OF FRANCIS**

[327 N.C. 101 (1990)]

property, and real property owned by the decedent and her husband as tenants by the entireties; the will directed that all funds in the savings accounts be divided equally among certain named relatives; and the remainder of the estate was left to her husband. Neither joint bank accounts with right of survivorship established pursuant to N.C.G.S. § 41-2.1 nor real property held as tenants by the entirety are included in the net estate for purposes of determining the right to dissent. Real property owned by the entireties is included in the value of the property passing to the surviving spouse outside the will as a result of the death of the testator. N.C.G.S. § 30-1.

**Am Jur 2d, Descent and Distribution § 34; Wills §§ 864, 907.**

Justice WEBB dissenting.

ON discretionary review upon petition filed by petitioner Iva P. Marshall, pursuant to N.C.G.S. § 7A-31 from a decision of the Court of Appeals, 94 N.C. App. 744, 381 S.E.2d 484 (1989), remanding the judgment of *Mills, J.*, entered 2 November 1988 in Superior Court, SURRY County. Heard in the Supreme Court 10 April 1990.

*Johnson, Bell & Francisco, by George Francisco, for petitioner-appellee.*

*V. Talmage Hiatt for appellants.*

FRYE, Justice.

The issues in this case are (1) whether a deceased spouse's joint bank accounts with right of survivorship with a non-spouse, established pursuant to N.C.G.S. § 41-2.1(a), should be included in the computation of the decedent's net estate for determining a surviving spouse's right to dissent from the deceased spouse's will; and (2) whether property owned as tenants by the entirety should be included in the decedent's net estate and in the computation of the value of property passing outside the will to the surviving spouse as a result of the death of the testator-spouse. A proper resolution of these issues determines the ultimate issue of the right of the surviving husband to dissent from his deceased wife's will.

The Clerk of Superior Court, Surry County, adjudged that the surviving spouse was entitled to dissent and by virtue of the dissent was entitled to one-half the decedent's net estate which,

## IN RE ESTATE OF FRANCIS

[327 N.C. 101 (1990)]

according to the clerk, included: 1) joint bank accounts with right of survivorship to decedent's sister; 2) decedent's personal property; and 3) real property owned by the decedent and her husband as tenants by the entirety. The trial court adopted the clerk's findings of fact, made conclusions of law, and affirmed the clerk's order.

On appeal, the Court of Appeals, in its initial opinion, concluded that for public policy reasons the joint bank accounts with right of survivorship with decedent's sister were correctly included in computing decedent's net estate. The court also concluded that, for purposes of the dissent statute, the value of real property owned by the entireties should not be included in the decedent's net estate or in the value of property passing outside the will as a result of the death of the testatrix. Decedent's sister's petition for discretionary review was allowed by this Court on 7 December 1989.

The Court of Appeals revised its opinion after the petition was allowed in this Court but prior to the case being published in the bound volume of the reporter. As corrected, the published opinion held that the value of real property owned by the entireties is included in the computation of property passing outside the will pursuant to N.C.G.S. § 30-1(b)(4). The Court of Appeals did not alter its conclusion that the unwithdrawn funds in the joint bank accounts with right of survivorship were properly included in the computation of the value of the net estate. Nor did the court alter its initial conclusion that property owned by the entireties should not be included in the net estate for purposes of the dissent statute. The Court of Appeals remanded the case to the superior court for disposition in accordance with the opinion.

We conclude that the surviving spouse was not entitled to dissent from his deceased spouse's will and that neither the joint bank accounts with right of survivorship, nor the real property owned by the entireties, are to be included in the decedent's net estate for purposes of determining the right to dissent. We further conclude that the Court of Appeals correctly held, in its published opinion, that property owned by the entireties should be included in the computation of property passing outside the will to the surviving spouse as a result of the death of the testator-spouse.

Vida P. Francis died testate on 13 September 1987, survived by her spouse, C.A. Francis, leaving no children or other lineal

descendants or parents. The will was probated in common form, and letters testamentary were issued to decedent's sister, appellant Iva P. Marshall, on 2 October 1987. The will directed that all the funds in her savings accounts with three Mt. Airy banking institutions be divided equally among certain named relatives, including her sister, Iva P. Marshall. The remainder of the estate was left to decedent's husband, C.A. Francis.

Ms. Marshall, as executrix, filed the 90-day inventory on 6 January 1988 listing the following property: one-half the value of four joint bank accounts — $46,274.48; cash on hand at death — $45.38; household and kitchen furnishings — $1,023.50; medicare check — $5.20; refund of Blue Cross/Blue Shield of North Carolina premium — $29.10; and one-half the value of real property held as tenants by entirety — $14,399.

On 20 January 1988, C.A. Francis, surviving spouse, filed a petition dissenting from the will and claiming "the properties to which he is entitled under Chapter 30 of the General Statutes of North Carolina."

On 18 July 1988, the clerk of superior court made findings of fact and conclusions of law and adjudged that Mr. Francis had a right under the law of North Carolina to dissent from the will. Ms. Marshall excepted to the following findings of fact made by the clerk of superior court:

3. The value of the decedent's net estate is at least $123,281.64 less family allowances, costs of administration and all lawful claims against the estate, and the value of the properties passing to the surviving spouse outside the Will and in accordance with the provisions of the Will does not exceed $14,399.00;

4. The value of the properties passing to the surviving spouse outside the Will and the provisions for his benefit under the Will amount to less than one-half of the deceased spouse's net estate;

. . . .

6. The value of the assets are as follows:

(a) Joint bank accounts with the right of
survivorship payable to Iva P. Marshall $92,548.96

**IN RE ESTATE OF FRANCIS**

[327 N.C. 101 (1990)]

| | |
|---|---:|
| (b) Cash on hand at death | 45.38 |
| (c) Medicare check | 5.20 |
| (d) Blue Cross Blue Shield of North Carolina refund of premium | 29.10 |
| (e) Personal property of Vida P. Francis located in the house as appraised by Dick Lawson | 2,055.00 |
| (f) Value of real property owned as tenants by the entirety | 28,798.00 |

The clerk also adjudged that Mr. Francis was entitled to an additional monetary award equal to one-half the net estate of his deceased spouse, to be calculated upon the filing of the Final Report in the estate. From the clerk's order, Ms. Marshall, individually, and as executrix, appealed to the superior court.

On 2 November 1988, the superior court affirmed the clerk's order, and Ms. Marshall appealed to the Court of Appeals. The Court of Appeals agreed with the conclusion that Mr. Francis was entitled to dissent from the will but remanded the case for the clerk to recompute the value of the property. Under the Court of Appeals' opinion, upon remand, the clerk would: 1) exclude the entireties property from the value of the net estate; 2) include the entireties property in the value of the property passing to Mr. Francis outside the will; and 3) include the value of the joint bank accounts with right of survivorship in the net estate. For the reasons indicated herein, we hold that Mr. Francis is not entitled to dissent from his deceased spouse's will. We agree with the Court of Appeals' conclusions one and two, but disagree as to number three.

The legislature has created a two-step process to be used when a surviving spouse attempts to dissent from his deceased spouse's will. See N.C.G.S. §§ 30-1 and 30-3 (1984); see also Phillips v. Phillips, 296 N.C. 590, 252 S.E.2d 761 (1979). The first step is to determine if the surviving spouse has a right to dissent, and the second step is to determine the consequences of the dissent. Phillips v. Phillips, 296 N.C. 590, 252 S.E.2d 761.

We first consider Mr. Francis' right to dissent. If he has no right to dissent, it is unnecessary to determine the consequences

of the dissent. The right of a surviving spouse to dissent from a will is provided in N.C.G.S. § 30-1. Section 30-1(a) provides:

> (a) A spouse may dissent from his deceased spouse's will in those cases where the aggregate value of the provisions under the will for the benefit of the surviving spouse, when added to the value of the property or interests in property passing in any manner outside the will to the surviving spouse as a result of the death of the testator:
>
> (1) Is less than the intestate share of such spouse, or
>
> (2) Is less than one-half of the deceased spouse's net estate in those cases where the deceased spouse is not survived by a child, children, or any lineal descendant of a deceased child or children, or by a parent, or
>
> (3) Is less than the one-half of the amount provided by the Intestate Succession Act in those cases where the surviving spouse is a second or successive spouse and the testator has surviving him lineal descendants by a former marriage and there are no lineal descendants surviving him by the second or successive marriage.

N.C.G.S. § 30-1(a) (1984); *see also Phillips v. Phillips*, 296 N.C. 590, 252 S.E.2d 761.

Under subsection (1) of N.C.G.S. § 30-1(a), a spouse may dissent from his deceased spouse's will if the aggregate value of the provisions for his benefit under the will, when added to the value of property or interests in property passing in any manner to him outside the will as a result of the death of his spouse, is less than his intestate share. Mr. Francis' intestate share is all the real and personal property of his deceased spouse, since she was not survived by any lineal descendants or a parent. When the intestate is not survived by children or any lineal descendant of deceased children or by a parent, the intestate share of the surviving spouse is "all the real property" and "all of the personal property." N.C.G.S. § 29-14 (1984). The intestate share does not include the value of any property received by the surviving spouse as a tenant by the entirety or from joint accounts with right of survivorship. *In re Estate of Connor*, 5 N.C. App. 228, 232, 168 S.E.2d 245, 248 (1969). Nor is the year's allowance for the surviving spouse under the provisions of N.C.G.S. § 30-15 a part of the "intestate

## IN RE ESTATE OF FRANCIS

[327 N.C. 101 (1990)]

share" passing to a surviving spouse under the Intestate Succession Act. *Id.* at 234, 168 S.E.2d at 250.

Under the will Mr. Francis received all of his deceased wife's personal property,[1] and outside the will[2] he received, as a result of her death, the real property owned by the entireties which was all the real property. In effect, as a result of the death of his spouse, Mr. Francis received his entire intestate share plus the entireties property (in addition to the spouse's year's allowance) and therefore he has no right to dissent under N.C.G.S. § 30-1(a)(1). Stated differently, Mr. Francis received everything that he would have received had his wife died without a will.

Subsection (3) of N.C.G.S. § 30-1(a) is clearly inapplicable to the instant case since the decedent left no surviving lineal descendants.

Under subsection (2) of N.C.G.S. § 30-1(a), Mr. Francis is entitled to dissent from his deceased spouse's will if he can demonstrate that the aggregate value of the provisions for his benefit under the will, when added to the value of property or interests passing to him in any manner outside the will as a result of the death of his spouse, is less than one-half his deceased spouse's net estate. Net estate is defined as "the estate of a decedent, exclusive of family allowances, costs of administration, and all lawful claims against the estate." N.C.G.S. § 29-2(5) (1984).

The statutory scheme for determining a deceased spouse's net estate, like the statutory scheme for determining a spouse's intestate share, contemplates that the surviving spouse's right of dissent is established by a mathematical computation. *See Taylor v. Taylor*, 301 N.C. 357, 271 S.E.2d 506 (1980); *Phillips v. Phillips*, 296 N.C. 590, 252 S.E.2d 761. If A equals the aggregate value

---

1. The will devised the residue of the estate, which included all the personal property, to Mr. Francis. Although the will purported to devise the funds in enumerated deposit accounts to named legatees, these accounts were joint bank accounts with right of survivorship established pursuant to N.C.G.S. § 41-2.1(a), and, pursuant to N.C.G.S. § 41-2.1(b)(3) and (4), these funds, upon the death of the decedent, were not a part of the personal assets of the estate, and were not available for distribution to her heirs or devisees. N.C.G.S. § 28A-15-10(a) (1984).

2. The will purported to devise to Mr. Francis, as a part of the residuary estate, the testator's interest in the real property owned by the entirety, but this interest passed to Mr. Francis as surviving tenant by the entirety and not as devisee under the will. *Davis v. Bass*, 188 N.C. 200, 203, 124 S.E. 566, 567 (1924).

of the provisions under the will for the benefit of the surviving spouse and B equals the value of the property or interests in property passing in any manner outside the will to the surviving spouse as a result of the death of the testator and C equals the net estate of the decedent, then the surviving spouse is entitled, under N.C.G.S. § 30-1(a)(2), to dissent from his wife's will if A plus B is less than one-half of C; that is, if $A + B < \frac{1}{2}(C)$. *See Phillips v. Phillips*, 296 N.C. 590, 252 S.E.2d 761.

Applying the equation to the instant case, A equals $2,134.68, the aggregate value of decedent's personal property which includes the cash on hand—$45.38, the value of the personal property of Mrs. Francis located in the house—$2,055, the medicare check—$5.20, and refund from the insurance premium—$29.10; B equals $28,798, the value of the real property owned by the couple as tenants by the entireties[3]; and C equals the net estate of the decedent which is the estate of the decedent less family allowances, costs of administration, and lawful claims against the estate.

The estate of a decedent includes all of the property owned by the decedent which she may direct to her legatees and devisees under a will and which would pass to her heirs and next of kin under the laws of intestacy if she died without a will. *See* N.C.G.S. § 29-2(2) (1984) (Estate means "all the property of a decedent" and includes by illustration, not by limitation, two types of property—an estate for the life of another and future interests in property not terminable by the death of the owner); Uniform Probate Code § 1-201(11) (1983) ("Estate includes the property of the decedent . . . as it exists from time to time during administration"); and Black's Law Dictionary 491 (5th ed. 1979) (Estate is "the total property of whatever kind that is owned by a decedent prior to the distribution of that property in accordance with the terms of a will, or, when there is no will, by the laws of inheritance in the state").

---

3. The value of the entireties property is included in this computation because N.C.G.S. § 30-1(b)(4) provides that property passing to the surviving spouse as the result of the death of the testator includes real property owned by the decedent and surviving spouse as tenants by the entirety, except to the extent the surviving spouse contributed to its purchase price. As the Court of Appeals indicated in its published opinion, there is no evidence that the surviving spouse contributed to the purchase price of the real property. *In re Estate of Francis*, 94 N.C. App. 744, 749, 381 S.E.2d 484, 487 (1989).

**IN RE ESTATE OF FRANCIS**

[327 N.C. 101 (1990)]

The real estate, which was held by the decedent and her spouse as an estate by the entireties, passes to the surviving spouse upon the death of the other spouse by operation of law based upon the grant or instrument conveying the property to the unity of husband and wife. *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566 (1924). It is not part of the estate to be devised by the testator's will and does not pass to the heirs by virtue of the laws of intestacy. *See id.* Likewise, the funds held in the joint accounts with right of survivorship, established pursuant to N.C.G.S. § 41-2.1, pass to the surviving joint tenant by virtue of the contract authorized by the statute and subject to the specific exceptions listed in the statute. *See* N.C.G.S. § 41-2.1(b)(3) (1984). Upon the death of the co-tenant, the funds pass to the surviving joint tenant, the sister in this case, pursuant to the statutorily authorized written agreement and not by the terms of the decedent's will or the laws of intestacy. Thus, neither the real estate held by the entireties nor the funds held in the joint accounts with right of survivorship established pursuant to N.C.G.S. § 41-2.1 are a part of the deceased spouse's estate as that term is defined in N.C.G.S. § 29-2(2) and cannot be a part of the deceased spouse's net estate within the meaning of subsection (2) of N.C.G.S. § 30-1(a) as that term is defined in N.C.G.S. § 29-2(5). The deceased spouse's net estate in this case therefore consists only of her personal property which has been valued at $2,134.68.

Returning to the equation, A equals $2,134.68, B equals $28,798, and C equals $2,134.68; thus $2,134.68 (A) plus $28,798 (B) is greater than one-half of $2,134.68 (C). The surviving spouse has a right to dissent only if A plus B is less than one-half of C, which it is not. In the instant case, since the aggregate value of the property passing to Mr. Francis under the will, when added to the value of the property and interests in property passing to him outside the will, is greater than one-half of his deceased's spouse's net estate, he has no right to dissent from her will under subsection (2) of N.C.G.S. § 30-1(a).

We note that the decedent's sister, as executrix, listed one-half of the funds in the survivorship accounts on the 90-day inventory. Counsel for the executrix indicates that this was done in order to comply with N.C.G.S. § 41-2.1(b)(3) and (4), which make up to a specific portion of such funds subject to the payment of specifically enumerated obligations to the extent that funds in the decedent's estate are not available to pay such obligations. N.C.G.S. § 41-2.1(b)(3)

IN RE ESTATE OF FRANCIS

[327 N.C. 101 (1990)]

and (4) (1984). The executrix argues, and we agree, that listing the accounts for this purpose on the 90-day inventory does not make the funds a part of the net estate for purposes of determining the right to dissent.

These funds are acquired by the personal representative of the estate solely for the purpose of satisfying certain specified obligations if there are no estate funds to pay them and these funds are not available for distribution to heirs or devisees. N.C.G.S. § 28A-15.10(a) (1984). These funds may be used by the personal representative only to the extent that they are needed to satisfy the surviving spouse's year's allowance, decedent's funeral expenses, cost of administering the decedent's estate, claims of the creditors of the decedent, and governmental rights. N.C.G.S. § 41-2.1(b)(3) (1984). The net estate, by definition, is "exclusive of family allowances, costs of administration, and all lawful claims against the estate." N.C.G.S. § 29-2(5) (1984). Thus, even if such funds were to be treated as a part of the estate because of their availability to pay specified obligations pursuant to N.C.G.S. § 41-2.1(b)(3), they would be excluded from the net estate pursuant to N.C.G.S. § 29-2(5). Read in pari materia, both the dissent statute and the joint account with right of survivorship statute seem to contemplate that funds not otherwise a part of a decedent's estate do not become a part of the net estate solely because of their availability to satisfy certain specified and enumerated obligations of the decedent.

Our conclusion that funds held by a testator-spouse in joint tenancy with right of survivorship with a third party established pursuant to N.C.G.S. § 41-2(a) do not become a part of the testator-spouse's net estate for purposes of the dissent statute is consistent with the following cases decided by this Court and the Court of Appeals, some of which relate to joint accounts with right of survivorship created by contract prior to the statutory authorization of such accounts: Phillips v. Phillips, 296 N.C. 590, 605, 252 S.E.2d 761, 771 (noting that net estate includes "only probate assets"); Wilson County v. Wooten, 251 N.C. 667, 111 S.E.2d 875 (1960) (Joint tenancy with right of survivorship created by contract— funds pass, upon death of one joint tenant, to the survivor, and not to the executrix of the estate of decedent); Bowling v. Bowling, 243 N.C. 515, 91 S.E.2d 176 (1956) (Joint bank accounts with written contract providing for right of survivorship—funds pass to surviving spouse individually as surviving joint tenant and not to her as administratrix of husband's estate or as guardian of their children);

IN RE ESTATE OF FRANCIS

[327 N.C. 101 (1990)]

*Threatte v. Threatte*, 59 N.C. App. 292, 296 S.E.2d 521, *disc. rev. improvidently granted*, 308 N.C. 384, 302 S.E.2d 226 (1983) (Signature card on certificate of deposit containing survivorship language in compliance with N.C.G.S. § 41-2.1(a) permitted disposition of funds upon death of plaintiff's son to plaintiff individually rather than to plaintiff as administrator of son's estate, thus depriving son's widow of any rights to such funds); *In re Estate of Connor*, 5 N.C. App. 228, 168 S.E.2d 245 (Joint accounts with right of survivorship are not a part of the intestate share of a surviving spouse under the Intestate Succession Act).

The surviving spouse contends that the term "net estate" as used in the dissent statute should be construed to include the unwithdrawn funds in a joint account with right of survivorship established pursuant to N.C.G.S. § 41-2.1 because to do otherwise would permit the deceased spouse to effectively disinherit her surviving husband. We reject this contention since the General Assembly has spoken clearly and specifically as to how such accounts are to be handled. When the section of a statute "dealing with a specific matter is clear and understandable on its face, it requires no construction." *Phillips v. Phillips*, 296 N.C. 590, 596, 252 S.E.2d 761, 765 (quoting *Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969)).

We note, however, that the surviving spouse in the instant case has received the same property that he would have received had his wife died without making a will. Therefore, he is not disinherited by the will.

The surviving spouse argues that the Court of Appeals correctly included the joint accounts with right of survivorship established pursuant to N.C.G.S. § 41-2.1 in the net estate for purposes of the dissent statute because the accounts here are similar to the funds in the trust account held includable in the net estate in determining the right to dissent in the case of *Moore v. Jones*, 44 N.C. App. 578, 261 S.E.2d 289 (1980). In the instant case, the Court of Appeals rested its decision on public policy grounds, as did the court in *Moore*.

Reliance upon the Court of Appeals' decision in *Moore v. Jones* is misplaced. In *Moore* the testator, without the knowledge of his wife, established an inter vivos trust with the net income payable to himself for life and the assets to be distributed upon his death to certain named beneficiaries. *Id.* He retained the right to withdraw

assets from the trust, to change beneficiaries and to modify, amend, add to or revoke the trust agreement. *Id.* The Court of Appeals held that the trust was ineffective insofar as it impaired the surviving spouse's statutory right to dissent from her husband's will. Specifically, the court held that

> where, as here, the settlor retains up to the instant of his death powers over the trust assets so extensive that in a real sense he had the same rights therein after creating the trust as he had before its creation, such assets should be considered part of his estate insofar as the statutory rights granted the settlor's surviving spouse by Art. 1 of G.S. Ch. 30 are concerned.

*Id.* at 583, 261 S.E.2d at 292.

We decline to extend the rationale of *Moore* to bank accounts with right of survivorship created pursuant to N.C.G.S. § 41-2.1. When the legislature has shown its awareness of a potential problem by enacting an elaborate scheme for resolving it and has spoken clearly as to how the problem is to be resolved, the courts should not ordinarily interfere with the legislative resolution. A careful reading of N.C.G.S. § 41-2.1 shows no legislative intent, express or implied, to make these bank accounts a part of the decedent's net estate for purposes of determining the surviving spouse's right to dissent. By express language in the statute, upon the death of any party to the account, the survivor or survivors become the sole owners of the entire unwithdrawn deposit subject only to the claims specifically enumerated in N.C.G.S. § 41-2.1(b)(3) (1984).[4] These claims are:

a. The allowance of the year's allowance to the surviving spouse of the deceased;

b. The funeral expenses of the deceased;

c. The cost of administering the estate of the deceased;

---

4. It should be noted that funds from the survivorship account established pursuant to N.C.G.S. § 41-2.1 may be used to pay the obligations listed in subsections (a), (b), (c), (d), and (e) of subsection (b)(3) only if there are no assets of the estate sufficient to pay those obligations. If there are only two joint tenants, then immediately upon the death of one of them, one-half of the funds becomes the sole property of the survivor and the remaining one-half is the sole property of the survivor subject only to the enumerated obligations to the extent other personal assets of the estate are not available to satisfy such obligations. N.C.G.S. § 41-2.1(b)(3) and (4) (1984).

**IN RE ESTATE OF FRANCIS**

[327 N.C. 101 (1990)]

d. The claims of the creditors of the deceased; and

e. Governmental rights.

*Id.*

Nothing in the dissent statute suggests that the unwithdrawn deposits of such accounts should be included in the net estate of the decedent. To do so would require an expansive interpretation of the dissent statute and a nullification of N.C.G.S. § 41-2.1(b)(3) as it applies to joint accounts with right of survivorship when the surviving joint tenant is one other than the surviving spouse. Both N.C.G.S. § 41-2.1 and the dissent statute are legislative expressions of the public policy of the State and, at least in the absence of a constitutional challenge, no part of the joint account with right of survivorship statute should be nullified by an expansive interpretation of the dissent statute.

We conclude that neither joint bank accounts with right of survivorship established pursuant to N.C.G.S. § 41-2.1 nor real property held as tenants by the entirety are included in the net estate for purposes of determining the right to dissent. We further conclude that real property owned by the entireties is included in the value of the property passing to the surviving spouse outside the will as a result of the death of the testator.

We reverse the Court of Appeals' decision that Mr. Francis is entitled to dissent from his deceased spouse's will. This case is remanded to that court with directions that it be returned to the Superior Court, Surry County, for further proceedings consistent with this opinion.

Reversed and remanded.

Justice WEBB dissenting.

I dissent for the reasons stated by Judge Lewis in his opinion for the Court of Appeals, 94 N.C. App. 744, 381 S.E.2d 484 (1989).