GUY T. FUNK, Plaintiff v. MARSHA S. MASTEN, individually; MARSHA S. MASTEN, Successor Trustee under the HARRIETT B. FUNK REVOCABLE LIVING TRUST; and MARSHA S. MASTEN, Executrix of the Estate of HARRIETT B. FUNK, deceased, Defendant

No. COA95-249

(Filed 2 January 1996)

**Appeal and Error § 167 (NCI4th)— no justiciable issue— appeal dismissed**

There was no justiciable issue for appeal, and defendant's appeal from the trial court's ruling that the value of property owned as tenants by the entirety did not pass to plaintiff husband as a result of his wife's death is dismissed, where the record is bare of any recitation of the values of properties passing to plaintiff under and outside his wife's will which are necessary to determine if plaintiff could dissent from his wife's will, and it contained no findings or conclusions as to plaintiff's right to dissent, since any opinion issued at this juncture would be advisory.

**Am Jur 2d, Appellate Review §§ 640, 641.**

Appeal by defendant from Order entered 25 October 1994 by Judge James D. Llewellyn in Davie County Superior Court. Heard in the Court of Appeals 4 December 1995.

*Canady, Thornton & Brown, by Gordon H. Brown and Shelia J. Cox, for plaintiff-appellee.*

*Martin, Van Hoy, Smith & Raisbeck, L.L.P., by Robert H. Raisbeck, Jr., for defendant-appellant.*

JOHNSON, Judge.

Plaintiff Guy T. Funk filed a Dissent From Will, dissenting from his deceased wife's (Harriett B. Funk's) will, on 9 December 1993. On that same day, plaintiff filed a Complaint against defendant Marsha S. Masten, individually, as Successor Trustee under the decedent's Revocable Living Trust, and as Executrix of decedent's estate. On 14 April 1994, defendant filed an Answer and Counterclaim. By Order entered 22 September 1994, Davie County Clerk of Court, Kenneth D. Boger, transferred the issues raised in plaintiff's Dissent From Will to the Superior Court Calendar. Consequently, this matter came on for hearing before Judge James D. Llewellyn at the 26 September 1994 civil session of Davie County Superior Court. After hearing arguments

of counsel for both parties, Judge Llewellyn concluded that the property held by plaintiff and decedent as tenants by the entirety should not be included in the computation of the value of the property or interest in property passing to plaintiff as a result of decedent's death. Judge Llewellyn, however, failed to make findings of fact as to the valuation of decedent's net estate or properties that would pass to plaintiff under and/or outside of decedent's will. In addition, Judge Llewellyn failed to make any conclusions of law as to whether plaintiff would have the right to dissent from decedent's will. Defendant now appeals.

On appeal, defendant agrees that pursuant to North Carolina General Statutes section 30-1, the value of property owned as tenants by the entirety, which was actually contributed by plaintiff, should not be included in the calculation of property passing outside of decedent's will to plaintiff; but argues that the increase in the value of that property, from the date of purchase to the date of decedent's death, should be included in that calculation. On the record before us, we are unable to address defendant's argument on appeal since this appeal does not present a justiciable issue.

The legislature has created a two-step process to be used when a surviving spouse attempts to dissent from a deceased spouse's will: the first step is to determine if the surviving spouse has the right to dissent, and the second step is to determine the consequences of that dissent. *In re Estate of Francis*, 327 N.C. 101, 394 S.E.2d 150 (1990). This first step requires that there be a determination of which properties are to be included in the computation of the value of property passing under and outside of the decedent's will to the surviving spouse. Further, this step also requires that these properties' values be assessed. If it is determined that the value of the property passing to the surviving spouse under the will and the property passing to the surviving spouse outside of the will is less than the amount passing to the surviving spouse under the North Carolina Intestate Succession Act, a surviving spouse has a right to dissent. [VALUE OF PROPERTY PASSING UNDER THE WILL + VALUE OF PROPERTY PASSING OUTSIDE OF THE WILL < ½ AMOUNT PASSING UNDER INTESTATE SUCCESSION ACT] N.C. Gen. Stat. § 30-1(a)(3) (1992); *See In re Estate of Francis*, 327 N.C. 101, 394 S.E.2d 150.

As the record in the instant case is bare of any recitation of the values necessary to determine if plaintiff can indeed dissent from decedent's will, and contains no findings or conclusions as to plain-

tiff's right to dissent, this issue is not ripe for resolution by this Court; and is, therefore, nonjusticiable. We are unable to determine as a matter of law whether defendant will indeed suffer any harm if the interest in the property owned by plaintiff and decedent as tenants by the entirety is not included in the calculation of property passing outside of decedent's will. Thus, any opinion issued at this juncture would be advisory, in contravention of well-settled case law. Until there has been an adjudication of plaintiff's right to dissent, we cannot address defendant's arguments on appeal. As such, this appeal is dismissed.

Dismissed.

Judges WALKER and SMITH concur.