FUNK v. MASTEN

[126 N.C. App. 529 (1997)]

No error.

Judges WYNN and TIMMONS-GOODSON concur.

———

GUY T. FUNK, Plaintiff v. MARSHA S. MASTEN, individually; MARSHA S. MASTEN, Successor Trustee under the HARRIET B. FUNK Revocable Living Trust; and MARSHA S. MASTEN, Executrix of the Estate of HARRIET B. FUNK, deceased, Defendant

No. COA96-794

(Filed 17 June 1997)

**Wills § 152 (NCI4th)— real property—separate funds—spouse—dissent from will—computation**

In an action to determine whether real property should have been included in the computation of plaintiff's right to dissent from his wife's will, the trial court did not err in holding that pursuant to N.C.G.S. § 30-1 neither the property nor its increase in value could be considered in calculating the property value passing to plaintiff outside the. will where plaintiff paid one hundred percent of the cost of the property at issue out of plaintiff's separate funds.

**Am Jur 2d, Wills § 820.**

**Extent of rights of surviving spouse who elects to take against will in profits of or increase in value of estate accruing after testator's death. 7 ALR4th 989.**

**What constitutes transfer outside the will precluding surviving spouse from electing statutory share under Uniform Probate Code § 2-301. 11 ALR4th 1213.**

**Determination of, and charges against, "augmented estate" upon which share of spouse electing to take against will is determined under Uniform Probate Code § 2-202. 63 ALR4th 1173.**

Appeal from order entered 12 February 1996 by Judge H.W. Zimmerman, Jr. in Davie County Superior Court. Heard in the Court of Appeals 27 February 1997.

FUNK v. MASTEN

[126 N.C. App. 529 (1997)]

*Canady, Thornton & Brown, by Gordon H. Brown, for plaintiff-appellee.*

*Martin, Van Hoy, Smith & Raisbeck, by Robert H. Raisbeck, for defendant-appellant.*

LEWIS, Judge.

Defendant appeals an order which determined under N.C. Gen. Stat. section 30-1 that real property located at 216 Riverbend Drive, Advance should not be counted in establishing plaintiff's right to dissent from the will of Harriet B. Funk.

Plaintiff and Harriet B. Funk married on 10 March 1967. On 21 November 1979, plaintiff and Mrs. Funk purchased a home in Bermuda Run, Advance for $90,500.00. The parties stipulated that the entire purchase price of $90,500.00 was paid out of the separate funds of Guy T. Funk. A general warranty deed executed at the time of purchase identifies Guy T. Funk and wife, Harriet B. Funk, as grantees.

Harriet B. Funk executed a Last Will and Testament leaving her entire estate to her sole surviving issue, Marsha Masten, on 10 July 1987. Masten was named as Executrix of the estate.

The parties disagree as to the proper interpretation of N.C. Gen. Stat. section 30-1 with regard to Guy T. Funk's right to dissent. The parties submitted the issue for declaratory judgment before Judge James D. Llewellyn. Judge Llewelleyn ruled that property held by Guy T. Funk and Harriet B. Funk as tenants by the entireties was not included in the computation of the value of the property or interest in property passing to Guy T. Funk as a result of the death of Harriet B. Funk. On 29 November 1994, Masten gave notice of appeal to this court from Judge Llewellyn's order. In *Funk v. Masten*, 121 N.C. App. 364, 365, 465 S.E.2d 322 (1996), this Court dismissed plaintiff's appeal stating that there were insufficient findings as to his right of dissent and, therefore, the issue was not justiciable.

The parties entered into additional stipulations and submitted the issue again as a declaratory judgment action to Judge H.W. Zimmerman, Jr. Judge Zimmerman also ruled that the property held by Guy T. Funk and Harriet B. Funk as tenants by the entireties was not included in the computation for determining the right to dissent. Defendant appeals.

FUNK v. MASTEN

[126 N.C. App. 529 (1997)]

On appeal, the parties raise an issue of first impression, regarding the proper interpretation of G.S. § 30-1: whether, for purposes of calculating the surviving spouse's right to dissent, any of the value of the property owned as tenants by the entirety is included in the value of property passing outside the will to the surviving spouse when the surviving spouse contributed the total purchase price of the property.

The pertinent sections of G.S. § 30-1 are as follows:

(a) A spouse may dissent from his deceased spouse's Will in those cases where the aggregate value of the provisions under the Will for benefit of the surviving spouse, when added to the value of the property or interest in property passing in any manner outside of the Will to the surviving spouse as a result of the death of the testatrix:

> (3) Is less than the one-half of the amount provided by the INTESTATE SUCCESSION ACT in those cases where the surviving spouse is a second or successive spouse and the testatrix has surviving him lineal descendants by a former marriage and there are no lineal descendants surviving him by the second or successive marriage.

(b) For the purpose of subsection (a) of this section and by way of illustration and not of limitation, the following shall, subject to the exception hereinafter set forth, be included in the computation of the value of the property or interest in property passing to the surviving spouse as a result of the death of the testatrix:

> (4) The value of any property passing by survivorship, including real property owned by the decedent and surviving spouse as tenants by the entirety;

except that no property or interest in property shall be so included to the extent that the surviving spouse or another in his behalf either gave or donated it or paid or contributed to its purchase price.

N.C. Gen. Stat. § 30-1 (1992).

When statutory language is clear and unambiguous, it must be held to mean what it plainly expresses, "keeping in mind that non-technical statutory words are to be construed in accordance with their common and ordinary meaning." *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980). Thus, "[s]tatutory interpretation

properly begins with an examination of the plain words of the statute." *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992).

In this case, the statute clearly indicates that property held as tenants by the entirety will be included in the computation of the value of property passing outside the will. The one exception is that, to the extent that such property was either given, contributed to, or paid for, by the surviving spouse, it is not included in the computation. Under the exception, property that the surviving spouse has in some manner, through his own separate funds or resources, given to the marriage will not be counted as property passing outside the will in determining that spouse's right to dissent.

As plaintiff argues, the exception completely removes the excepted property from any further computation under G.S. § 30-1. Once it is determined that some portion of the property, hence the legislative use of the phrase "to the extent", has been given, donated, paid or contributed to by the survivor, that portion is no longer counted as property passing outside of the will for purposes of dissent. Thus, we reject defendant's argument that the increase in value of any property falling under this exception should nevertheless still be counted. The increase in value of any land paid for or given by the survivor is irrelevant because under operation of the statute the property itself is not counted. Even in cases where the surviving spouse only contributed a portion of the price of the property at issue, to the extent of the contribution, the property is not included in any calculation of property passing outside of the will.

Thus, we hold that the plain meaning of the statute completely excludes any property or interest in property to the extent that the surviving spouse gave, donated, contributed, or paid for it. Once the property is excluded, no other valuation as to that specific property may be made. Since Mr. Funk paid one hundred percent of the cost of the property at issue here, neither the property nor its increase in value may be considered in calculating the value of the property passing to him outside of the will in determining his right to dissent under G.S. § 30-1.

Accordingly, the order is

Affirmed.

Judges WYNN and MARTIN, Mark D. concur.