GRACE T. MOORE v. E. CRAIG JONES, JR., AS TRUSTEE OF THE "RAMIE L. MOORE TRUST FUND," E. CRAIG JONES, JR., AS EXECUTOR OF THE ESTATE OF RAMIE LAWRENCE MOORE, MOUNT OLIVE COLLEGE INCORPORATED, BRANCH CHAPEL FREE WILL BAPTIST CHURCH, SELMA TROOP #32 OF THE BOY SCOUTS OF AMERICA, PERCY L. MOORE, J. ALLIE MOORE, EFFIE J. DAVIS, ELIZABETH M. LYNCH, JOSEPH A. MOORE, JR., FRANCES T. MOORE, JAMES L. CREECH AND CLARENCE M. MOORE

No. 7811SC227

(Filed 15 January 1980)

1. Trusts § 1.1— inter vivos trust—retention of life estate and powers over assets

In this State a valid trust may be created even though the settlor retains both a life estate and the power to revoke or modify the trust, and the coupling of such retained rights and powers in an otherwise valid *inter vivos* trust will not invalidate the trust as an attempted testamentary disposition when the trust instrument was not executed in the manner required for execution of a valid will.

Moore v. Jones

**2. Trusts § 5; Wills § 61—** inter vivos trust—retention of control of assets—assets as part of estate in determining spouse's right to dissent

Where the settlor of an *inter vivos* trust retains up to the instant of his death powers over the trust assets so extensive that in a real sense he had the same rights therein after creating the trust as he had before its creation, the trust assets should be considered as part of the settlor's estate for purposes of determining the right of his wife to dissent to his will under G.S. 30-1 and of computing the share of his estate to which his wife is entitled under G.S. 30-3(a) should her right to dissent be established.

APPEAL by defendants from *Braswell, Judge.* Judgment dated 24 October 1977 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 9 January 1979.

By this declaratory judgment action the plaintiff, Grace T. Moore, widow of Ramie L. Moore, seeks judgment declaring void an *inter vivos* trust executed by her husband or, in the alternative, declaring the trust void to the extent it impairs her statutory rights as surviving spouse.

Plaintiff and Ramie L. Moore were married 21 June 1963. He died on 16 September 1976, leaving plaintiff as his surviving spouse but leaving no child, issue of a deceased child, or parent surviving. His will, dated 5 November 1963, was probated, and the executor named therein, E. Craig Jones, Jr., duly qualified. By this will the testator left one-half of his estate remaining after payment of debts, funeral expenses, costs of administration, and estate and inheritance taxes, to his wife, the plaintiff herein, and the remaining one-half to his brothers and sisters.

In 1964 Ramie L. Moore, as Settlor, and E. Craig Jones, Jr., as Trustee, executed an instrument dated 19 November 1964 which provided that the Trustee should hold, manage, invest and reinvest certain assets, consisting of stocks, bonds, and savings accounts having a total value of approximately $100,000.00, delivered to him by the Settlor, and pay all of the net income therefrom in semi-annual installments to the Settlor during his lifetime. The trust instrument provided that on the death of the Settlor the Trustee should pay certain specified amounts to named persons and institutions and distribute the remainder to the Settlor's brothers and sisters or their surviving issue. The Settlor retained the right to withdraw assets from the trust, to change beneficiaries, and to modify, amend, add to, or revoke the

trust agreement. Plaintiff was not named as a beneficiary of the trust and did not know of its existence until after her husband's death.

On 6 October 1976 plaintiff filed an instrument dissenting from her husband's will. Thereafter, on 3 January 1977, plaintiff filed this action for declaratory relief, naming as defendants the trustee and the beneficiaries under the trust created by her husband in 1964 and the executor and beneficiaries named in his will. The defendants answered, asserting the validity of the trust. The case was heard by the court without a jury.

After hearing evidence, the court entered judgment making findings of fact and concluding and adjudging that the trust is a valid *inter vivos* trust except to the extent that it impairs the statutory distributive rights of the plaintiff under the provisions of Article 1 of Chapter 30 of the General Statutes. The judgment ordered E. Craig Jones, Jr., as trustee of the trust, to deliver to himself in his capacity as executor such portion of the trust assets, free of any trust, as plaintiff is entitled to receive under the provisions for dissent of Article 1, of G.S. Ch. 30.

From this judgment, defendants appeal.

*Young, Moore, Henderson & Alvis by B. T. Henderson, II, and R. Michael Strickland for plaintiff appellee.*

*Corbett & Corbett, by Albert A. Corbett, Jr., for defendant appellants.*

*E. Craig Jones, Jr., Executor and Trustee, defendant appellant, pro se.*

PARKER, Judge.

[1]   In this State a valid trust may be created even though the settlor retains both a life estate and the power to revoke or modify the trust. Moreover, the coupling of such retained rights and powers in an otherwise valid *inter vivos* trust will not invalidate the trust as an attempted testamentary disposition when, as here, the trust instrument was not executed in the manner required for execution of a valid will. *Ridge v. Bright*, 244 N.C. 345, 93 S.E. 2d 607 (1956). Here, there was a written trust agreement signed and acknowledged both by the settlor and the trustee.

This instrument unequivocally expressed the settlor's intention to create a trust. The trust, consisting of stocks, bonds, and cash deposits, was clearly identified and was transferred into the custody of the trustee. The duties and powers of the trustee with respect to the trust assets were expressly defined. The beneficiaries were clearly designated and their respective interests were expressly set forth. Thus, the trust met all prerequisites for a valid trust under the laws of this State. *See Finch v. Honeycutt*, 246 N.C. 91, 97 S.E. 2d 478 (1957); *Starling v. Taylor*, 1 N.C. App. 287, 161 S.E. 2d 204 (1968). Therefore, we agree with the trial court's conclusion that the trust was valid. The question remains as to its effect upon plaintiff's rights as surviving spouse granted her under Article 1 of G.S. Ch. 30.

The statutory right to dissent granted the surviving spouse is defined by G.S. 30-1 which reads in pertinent part:

(a) A spouse may dissent from his deceased spouse's will in those cases where the aggregate value of the provisions under the will for benefit of the surviving spouse, when added to the value of the property or interests in property passing in any manner outside the will to the surviving spouse as a result of the death of the testator:

*       *       *

(2) Is less than one half of the deceased spouse's net estate in those cases where the deceased spouse is not survived by a child, children, or any lineal descendant of a deceased child or children, or by a parent.

Once the right to dissent under G.S. 30-1 has been established, the effect of such dissent is prescribed by G.S. 30-3(a), which, insofar as pertinent to this appeal, is as follows:

(a) . . . if the deceased spouse is not survived by a child, children, or any lineal descendants of a deceased child or children, or by a parent, the surviving spouse shall receive only one half of the deceased spouse's net estate as defined in G.S. 29-2(5), which one half shall be estimated and determined before any federal estate tax is deducted or paid and shall be free and clear of such tax.

G.S. 29-2(5), to which we are directed by G.S. 30-3(a), provides the following definition:

(5) "Net estate" means the estate of a decedent, exclusive of family allowances, costs of administration, and all lawful claims against the estate.

[2]   We agree with the trial court's conclusion that these statutes express the public policy of this State. The question presented by this appeal is whether that public policy or the *inter vivos* trust created by plaintiff's husband which circumvents that public policy should prevail. Expressed somewhat differently, the question is whether the assets held in a trust over which the settlor retained such extensive powers at the time of his death should properly be considered as part of his estate for purposes of (1) determining plaintiff's right to dissent under G.S. 30-1, and (2) computing the share of his estate to which plaintiff is entitled under G.S. 30-3(a) should her right to dissent be established.

So far as our research and the briefs of counsel reveal, the North Carolina Supreme Court has not had occasion to pass on the question presented by this appeal. The question in various forms has, however, come before the appellate courts of many other jurisdictions. *See* Annot., *Validity of inter vivos trust established by one spouse which impairs the other spouse's distributive share or other statutory rights in property*, 39 A.L.R. 3d 14 (1971). As stated in that annotation:

> The problem of the validity of an inter vivos trust which impairs the distributive share or other statutory right of the surviving spouse of the settlor has given rise to a substantial measure of complexity in the decisions of the courts of the various jurisdictions. Although, in a broad sense, the problem presents a conflict between the public policy considerations favoring protection of a surviving spouse against disinheritance, and those policy considerations favoring the free alienability of property inter vivos, nevertheless it may be said in more specific terms that the crux of the matter generally concerns the extent to which a married person who transfers his or her property in trust may reserve powers of beneficial ownership and control over such property for his or her lifetime and still, through the medium of such trust, provide for disposition of the property, after death, in such a manner as to deprive his or her surviving spouse of the distributive share therein to which such spouse would otherwise have been entitled by statute.

39 A.L.R. 3d at p. 18.

Recognizing the conflicting public policy considerations which decision of this appeal involves, and in the absence of any controlling decisions from our own Supreme Court, we hold that the public policy favoring protection of a surviving spouse against disinheritance, which has been adopted and expressed by our legislature by enactment of Article 1 of G.S. Ch. 30, should prevail. Therefore, we affirm the trial court's judgment holding the trust created by plaintiff's husband ineffective insofar as it impairs plaintiff's statutory rights as surviving spouse. Except to that extent, the trust is valid and should be carried out in accordance with its terms in order, so far as practicable, to effectuate the intentions of the settlor.

In arriving at this result, we do not base our decision on any concept that in creating the trust, plaintiff's husband acted in any way fraudulently toward her or even that it was his intention to impair her rights in any manner. Indeed, the record before us would not support such a view. We hold only that where, as here, the settlor retains up to the instant of his death powers over the trust assets so extensive that in a real sense he had the same rights therein after creating the trust as he had before its creation, such assets should be considered part of his estate insofar as the statutory rights granted the settlor's surviving spouse by Art. 1 of G.S. Ch. 30 are concerned.

We note that the trial court found as a fact that no hearing has been held on plaintiff's dissent, and the question of whether she can dissent has not yet been determined. The trial court's judgment, which we now affirm, adjudged only that when the hearing on plaintiff's dissent is held and plaintiff's rights in her husband's estate are determined, the trust assets must be taken into account and for that purpose considered to be a part of the estate.

Affirmed.

Judges ARNOLD and WEBB concur.