23350

Nellie MATTHEWS, Executrix of the Estate of Lillian L. Davis, deceased, Appellant v. Ernest NELSON and South Carolina Federal Savings & Loan Association, of whom Ernest Nelson is Respondent.

(401 S.E. (2d) 669)

Supreme Court

*Isadore S. Bernstein*, Columbia, *for appellant.*

*B. Michael Brackett*, of *Sherrill and Townsend*, Columbia, *for respondent.*

Heard Nov. 15, 1990.

Decided Feb. 25, 1991.

TOAL, Justice:

This appeal involves the proper distribution of certain monies, situated in a joint certificate of deposit account with rights of survivorship, after the death of one of the account holders. We reverse the circuit court and reinstate the order of the probate court.

## FACTS

On May 12, 1986, Lillian L. Davis opened a joint money market account with Nellie Matthews at South Carolina Federal Savings and Loan Association. Davis was the sole contributor to the account. Matthews had known Davis since Matthews was a small child and felt that the two maintained a mother-daughter kind of relationship.

On November 24, 1986, Davis simultaneously executed an agreement to make a will with Ernest Nelson, in which Nelson would care for her in exchange for Davis making an irrevocable will, and a will. The will stated in the pertinent part:

## ITEM I.

I give and bequeath to Ernest Nelson if he shall survive me one-third (⅓) of funds presently on deposit in my account with South Carolina Federal Savings and Loan Association or if that account has been transferred, then the same interest in such funds wherever deposited. This bequest is made in compliance with the terms and provisions of a contract between me and Ernest Nelson a copy of which is attached hereto and the terms of which are incorporated herein.

## ITEM II.

I give, devise and bequeath all the rest, residue and remainder of my property of every kind and description (including lapsed legacies and devises), wherever situate and whether acquired before or after the execution of this Will to Nellie Matthews, of Queens, New York, if she shall survive me. If Nellie Matthews shall not survive me, then I give, devise and bequeath the property passing hereunder to Arlene Williams of Queens, New York.

The agreement to make a will between Davis and Nelson reads, in pertinent part:

1. Nelson will render services to Davis from the date of this Agreement to the date of Davis' death or until Davis should terminate such services. The services to be rendered are: he shall run errands for her, clean her home, do general minor home repairs or arrange for such repairs at Davis' expense, provide occasional transportation and file Medicare and insurance claims and arrange the filing of Davis' income tax returns, both State and Federal, and otherwise generally be her intermittent manservant.

2. Davis shall pay no compensation to Nelson during her lifetime but shall make and shall not revoke a Last Will and Testament under the terms of which one-third of the funds presently on deposit in Davis' name with South Carolina Federal Savings and Loan Association in Columbia, South Carolina (which has a present balance in excess of $40,000.00) shall be left by Davis to Nelson under the terms and provisions of her Last Will and Testament.

On February 4, 1988, approximately three months before her death, Davis closed her money market account and deposited the same funds from it into a certificate of deposit account of South Carolina Federal. This certificate of deposit account was a joint account with right of survivorship in Davis and Nelson. Again, Davis was the sole contributor to the account.

Upon Davis' death, Nelson claimed entitlement to the full amount in the account by virtue of his status as a joint account holder with right of survivorship. Matthews, the Executrix of Davis' will, asserts that Nelson is only entitled to one-third of the account monies, with the remaining two-thirds to pass to her as per Davis' will and the agreement to make a will incorporated therein. The probate court ruled in favor of Matthews. The circuit court reversed. This appeal followed.

### LAW/ANALYSIS

Nelson claims ownership of the account funds pursuant to S.C. Code Ann. § 62-6-104(a) (1987) of the revised probate code, effective July 1, 1987. This section states:

> Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is a writing filed with the financial institution at the time the account is created (or subsequently as provided under § 62-6-105) which indicates a different intention. . . .

It is uncontroverted that no writing of such a nature was filed by anyone with South Carolina Federal. Under this section then, Nelson would appear to prevail. However, § 62-6-104(e) (1987) must also be considered. It provides:

> A right to survivorship arising from the express terms of the account or under this section, a beneficiary designation . . . cannot be changed by will; *however, a party who owns an account under the provisions of § 62-6-103(a) may effect such change by will to the extent of his ownership if the will contains clear and convincing evidence of his intent to do so.*

(emphasis added). This section requires us to examine Davis' will to see if "clear and convincing" evidence exists of an intent by Davis to change the right of survivorship in the certificate of deposit joint account. We hold that it does exist.

The will straightforwardly awards Nelson one-third of the account funds. The will next provides, through a residuary clause, that the remainder of all property should go to Matthews. Nelson argues that a residue clause should not be enough, in and of itself, to amount to clear and convincing evidence of an intent to alter normal joint account survivorship. We do not read the residue clause in a vacuum, however.

Nelson's argument may have some force had Davis' will specified a few personality items to go to certain individuals, with the remainder of her property to pass via a residuary clause. If such were the case, and the account were not mentioned, Nelson's argument that the residue clause alone should not control the account's distribution would be persuasive. Here, however, the will specifically mentions the account, and provides expressly, when read as a complete document, that Nelson is to get one-third of the account funds, with the remainder of Davis' property to pass to Matthews.

The maxim *expressio unius est exclusio alterius*[1] also aids our interpretation of the will. By expressly mentioning that Nelson was to receive one-third of the account funds, the negative implication is that he is not to receive more.

Lastly, we observe that the parties had entered into a contract, with Nelson to provide specified services in exchange for a specified amount of consideration (the one-third interest in the account). This contract was incorporated by reference into the will, and we may thus consider it in our application of § 62-6-104(e). There is nothing in it or in the will indicating Davis wished to alter the contract and provide for more money for Nelson.

Furthermore, Nelson cannot rely upon Davis' act of transferring the account monies as indicating an intent by Davis to give Nelson more than one-third of the account. The will expressly addresses the eventuality of the account monies being transferred, and mandates that Nelson is to receive one-third of the monies, wherever transferred. Although it is theoretically possible Davis wished at her death to make an extra gift to Nelson of the remaining two-thirds of the account, as urged in oral argument by Nelson, we hold the will and the agreement to make a will incorporated by reference clearly and convincingly controverts such an assertion.

Accordingly, the judgment of the lower court is reversed. The judgment of the probate court is reinstated.

GREGORY, C.J., HARWELL and FINNEY, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

---

[1] Mention of one thing excludes another. When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be inferred. BLACK'S LAW DICTIONARY 521 (5th ed. 1979).