1702

Barbara CHILDS, Respondent v. FIRST NATIONAL BANK OF PICK-ENS COUNTY and Marion S. Chastain, as Personal Representative of the Estate of Ralph L. Chastain, of whom Marion S. Chastain, as Personal Representative of Ralph Chastain is Appellant. Appeal of Marion S. CHASTAIN, as Personal Representative of Ralph Chastain.

(410 S.E. (2d) 17)

Court of Appeals

*James M. Robinson,* of *Robinson Law Firm,* Easley, *for appellant.*

*Felix L. Finley, Jr.,* of *The Finley Firm,* Pickens, *for respondent.*

*Kenneth D. Acker,* of *Acker, Acker, Floyd & Welmaker,* Pickens, *for First Nat. Bank of Pickens County.*

Heard Sept. 11, 1991; Decided Oct. 7, 1991.

Rehearing Denied Oct. 25, 1991.

GOOLSBY, Judge:

The issue in this action brought by Barbara Childs in the probate court concerns the ownership of a certificate of deposit issued by First National Bank of Pickens County on September 26, 1989 to "Ralph L. Chastain or Barbara Childs" and designated a "Joint Account—With Survivorship." The probate court declared Childs the owner of the certificate and granted summary judgment in her favor. Marion Chastain, the personal representative of Chastain's estate, appealed to the circuit court. It affirmed. Chastain now appeals to this court. We also affirm.

Because no writing was filed with First National indicating a contrary intention, the courts below held the certificate belongs to Childs as the surviving party of the joint account. In doing so, the courts below relied on S.C. Code Ann. § 62-6-104 (1987 & Supp. 1990) of the revised probate code. The statute, which, as amended by 65 STAT. Act No. 171 § 70, at 2053 (1987), became effective on July 1, 1987, provides in part:

> (a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is a writing filed with the financial institution at the time the account is created (or subsequently as provided under § 62-6-105) which indicates a different intention. . . .
>
> . . . . .
>
> (f) The provisions of § 62-6-104(a) . . . are applicable to all multiple-party accounts created subsequent to the effective date of this section, and unless there is clear and convincing evidence of a different intention at the time the account was created, to all multiple-party accounts created prior to the effective date of this section.

The plain language of § 62-6-104(f) makes a distinction between accounts created *after* the effective date of the statute, as this one was, and those created *before* that time. The language of the revised probate code clearly indicates the legislature intended to prescribe only one method by which the donative intention of a party to a joint account, who later dies, could be rebutted where the account was created after the effective date of § 62-6-104. *Cf. Chestnut v. South Carolina*

*Farm Bureau Mutual Insurance Company*, 298 S.C. 151, 378 S.E. (2d) 613, 615 (Ct. App. 1989) ("Where a statute has been revised, the construction given the original statute will be applied to the revised statute, *unless the language of the revised statute plainly requires a change of construction.*" [emphasis added]). That method requires "a writing filed with the financial institution" either at or subsequent to the time the account "is created" that "indicates a different intention." S.C. Code § 62-6-104(a) (1987). Here, there is no evidence that the donative intent of Ralph Chastain was rebutted in the manner prescribed.

There being, then, no genuine issue of material fact regarding the ownership of the certificate, the circuit court properly affirmed the probate court's grant of summary judgment to Childs. *See United States Leasing Corporation v. Janicare, Inc.*, 294 S.C. 312, 364 S.E. (2d) 202, 204 (Ct. App. 1988) ("Summary judgment should be granted when it is clear that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."). Accordingly, the judgment is

Affirmed.

SANDERS, C.J., and GARDNER, J., concur.