23456

Agnes T. SEIFERT, Appellant v. SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, Barbara S. Meyers, and Charlotte S. Knaub, Respondents.

(409 S.E. (2d) 337)

Supreme Court

*Earle McGee Rice* and *Louisa Rice Lund,* of *Rice & Lund,* Anderson, *for appellant.*

*William H. Moorhead* and *Carolyn G. Baird,* of *Jones, Spitz, Moorhead, Baird & Maddox,* Anderson, *for respondents.*

Heard March 5, 1991; Decided Aug. 12, 1991.

On Rehearing Oct. 24, 1991.

TOAL, Justice:

Widow (Agnes T. Seifert, appellant) instituted this declaratory judgment action alleging that a revocable inter-vivos trust, established by Husband (Harry E. Seifert) in favor of respondents Barbara S. Meyers and Charlotte S. Knaub, should be included in Husband's estate. We agree and reverse the Master's finding to the contrary.

## FACTS

Widow and Husband were married approximately ten (10) years. On August 5, 1987, Husband created a revocable inter-vivos trust in favor of respondents, Husband's daughters from a former marriage, to which he transferred the better part of his estate. At his death, the value of the trust was approximately $800,000.

Under the terms of the trust, upon Husband's death, a separate trust containing $150,000, known as the Agnes T. Seifert

Trust, was carved from respondents' trust. Widow received a life interest in the income of the Agnes T. Seifert Trust and could invade the principal for medical purposes only. Under Husband's will, Widow received a one-half life interest in the marital home, half of which she already owned. The will also provided that the residue of the estate be transferred to respondents' trust.

Widow made a timely request for her elective share pursuant to S.C. Code Ann. § 62-2-201 (1990 Supp.); however, Husband's will was designed so that there were no other assets in the estate, other than the life interest in the house, his personal property, and what was contained in the residue.

Widow challenged Husband's dispositions by filing a complaint in Anderson County probate court. The matter was removed to circuit court. From there it was transferred to the Master-in-Equity with direct appeal to this Court.

The Master found that the revocable, inter-vivos trust should not be included in the probate estate. Widow then instituted this appeal.

## LAW/ANALYSIS

Widow contends that Husband's revocable inter-vivos trust is void because it is illusory, since he used it to reduce her elective share, and that the trust assets should be included in Husband's estate for purposes of valuing her elective share. This is a question of first impression in this Court. Other jurisdictions have held that a trust was invalid where the settlor retained powers over the trust assets so extensive that he had until his death the same rights in the assets of the trust after creating it that he had before its creation. *See, e.g. Moore v. Jones*, 44 N.C. App. 578, 261 S.E. (2d) 289 (1980); *Newman v. Dore*, 275 N.Y. 371, 9 N.E. (2d) 966 (1937).

Husband's trust was completely revocable. The role of the trustee was described in the trust agreement and in a subsequent amendment as "custodial." Article XIV of the trust agreement granted settlor extensive powers. Furthermore, the trustee was expressly forbidden from exercising any powers of sale, investment or reinvestment during Husband's lifetime unless by (1) written notice of Husband or (2) certification of Husband's incompetence. In light of the evidence of

Husband's extensive control over the trust, we find that the trust is illusory and, thus, invalid.

Respondents point to S.C. Code Ann. §§ 62-2-201 and -202 (1990 Supp.) as specifically barring inclusion of the trust in the estate. Section 62-2-201 (1986) originally provided in pertinent part: "(a) If a married person domiciled in this state dies, the surviving spouse has a right of election to take an elective share of one-third of the decedent's estate, as computed under § 62-2-202." In 1987, § 62-2-201 was amended by the legislature to insert the adjective "probate" between the words "decedent's" and "estate."

Section 62-2-201 originally defined "estate" as the "estate reduced by funeral and administration expenses and enforceable claims." In 1987, § 62-2-201 was revised. It now provides: "For purposes of this Part, probate estate means the decedent's property passing under the decedent's will plus the decedent's property passing by intestacy, reduced by funeral and administration expenses and enforceable claims."

Respondents argue that the legislature's addition of the word "probate" in the 1987 amendment to § 62-2-201 and the revision of § 62-2-202 indicate the legislature's intention to keep trusts like the one at issue out of the estate because the "decedent's probate estate" only includes property passing under the will and by intestacy and does not include property in trusts.

We disagree with respondents' interpretation of §§ 62-2-201 and -202 because those sections do not specifically preclude the proceeds of the trust from being included in decedent's estate. We see very little difference between this situation and one in which an otherwise valid trust fails. The proceeds of the failed trust would revert back to the settlor's estate and become part of the residue. The trust property would then be part of the estate for elective share purposes. Similarly, nothing in the Probate Code prohibits a trust, declared invalid as illusory, from reverting to the probate estate and being included in it for elective share purposes.

Respondents also point to the legislature's purported rejection of the Uniform Probate Code's "augmented estate," as evidenced by the reporter's comment to § 62-2-202. The augmented estate, however, is an elaborate system of incorporating various non-probate assets into the estate. *See, Uniform*

*Probate Code*, § 2-202, 8 U.L.A. 75 (1983). Rejection of it does not prohibit invalidation of husband's inter-vivos trust in this situation.[1]

Furthermore, contrary to respondents' contentions, we note that S.C. Code Ann. § 62-2-204 (1986) protects the spouse's elective share by requiring that any waiver be made in writing. Thus, the legislature has indicated that the right to receive the elective share is a substantial one. Surely, then, it was not the legislature's intent to allow this substantial right to be circumvented as respondents urge. Thus, we hold that, where a spouse seeks to avoid payment of the elective share by creating a trust over which he or she exercises substantial control,[2] the trust may be declared invalid as illusory, and the trust assets will be included in the decedent's estate for calculation of the elective share.

Since nothing in §§ 62-2-201 and 62-2-202 prohibits the proceeds of a trust, once declared invalid or illusory from being included in the probate estate, we hold that the proceeds of the trust should be included in Husband's estate for the purpose of calculating Widow's elective share. Due to our disposition of this issue, we need not reach Widow's remaining exception. We remand the matter for determination of Widow's elective share.

Reversed and remanded.

GREGORY, C.J., CHANDLER and FINNEY, JJ., concur. Acting Associate Justice BRUCE LITTLEJOHN, concurs.

---

[1] Indeed, the remainder of the reporter's comment specifically notes that the courts of this state have, heretofore, not addressed this issue.

[2] Substantial control means that a settlor has retained such extensive powers over the assets of the trust that he has until death the same rights in the assets after creation of the trust that he had before its creation.