477 S.E.2d 475

Lloyd L. SMITH, Appellant,

v.

Grace McCALL, individually and as Personal Representative
of the Estate of Clara W. Smith, (Probate Court Case
# 94ES3900077), Respondent.

No. 2567.

Court of Appeals of South Carolina.

Submitted Aug. 16, 1996.
Decided Oct. 7, 1996.

James M. Robinson, Easley, for appellant.

Harry I. Rivers, Jr., Easley, for respondent.

GOOLSBY, Judge.

In this probate matter, Lloyd Smith (Husband) seeks to include in his elective share claim the assets of two joint bank accounts that belonged to his deceased wife, Clara Smith (Wife). The probate court, affirmed by the circuit court, ruled the joint accounts are not included in the Wife's probate estate and thus not subject to Husband's elective share claim. Husband appeals. We affirm.[1]

Because this probate proceeding involves a claim for money due, and because such claims are ordinarily triable at law, if there is any evidence that reasonably supports the factual findings of the probate judge, the order must be affirmed. *Howard v. Mutz*, 315 S.C. 356, 434 S.E.2d 254 (1993). The jurisdiction of this court also extends to the correction of errors of law. *Id.*

The facts are essentially undisputed. Since 1974, Wife maintained two joint accounts with her sister, Nathalee Dalton (Sister). Wife died testate on November 2, 1993. Husband later filed his elective share claim. Husband argues the joint accounts should be included in Wife's probate estate and thus subject to his elective share claim. We disagree.

The South Carolina Probate Code provides that "[s]ums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent...." S.C.Code Ann. § 62–6–104(a) (1987). Nevertheless, this result can be changed in two ways depending on when the account was created. If the account was created after the enactment of the probate code, the account holders must file a writing with the financial institution either

---

1. Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument pursuant to Rule 215, SCACR.

at or after the time the account was created that exhibits an intent different from the statutory rule. *Id.; see Childs v. First Nat'l Bank,* 306 S.C. 20, 410 S.E.2d 17 (Ct.App.1991) (holding that upon death of one holder of a certificate of deposit designated as a "Joint Account—With Survivorship," absent a proper writing filed with the bank indicating a contrary intent, the other holder held title rather than the estate of the deceased holder). If the joint account was created before the enactment of the probate code, the surviving account holders are entitled to all remaining sums unless there is a writing filed with the financial institution or "there is clear and convincing evidence of a different intention at the time the account was created." S.C.Code Ann. § 62–6–104(f) (Supp.1995).

Husband argues this statutory rule should be displaced by *Seifert v. Southern Nat'l Bank,* 305 S.C. 353, 409 S.E.2d 337 (1991). In *Seifert,* the supreme court held a revocable trust over which the settlor retained extensive control was illusory and thus invalid. As a result, the invalid trust reverted to the settlor's estate and was subject to an elective share claim. *Id.* at 356, 409 S.E.2d at 338. Husband asserts that because Wife retained control over the account such that she could cancel and revoke the account, the account should be subject to the elective share. We disagree.

In *Seifert,* the trust was subject to the elective share because it was invalid. In the instant case, the joint accounts are valid and are authorized by statute. S.C.Code Ann. § 62–6–101 to –113 (1987 & Supp.1995). As a result, *Seifert* does not apply.

Here, the accounts were created in 1974, before the effective date of the probate code. S.C.Code Ann. § 62–1–100 (Supp. 1995) (probate code effective as of July 1, 1987). Husband produced no evidence showing Wife and Sister filed a writing with the financial institution. Husband also produced no evidence showing they had a contrary intent at the time they created the account. The assets of the joint accounts, therefore, belong to the surviving account holder, Sister, and are not subject to Husband's elective share claim.

**AFFIRMED.**

HUFF and HOWARD, JJ., concur.