545 S.E.2d 848

**Susan ABERNATHY, Becky Mullinax, Roger Mullinax and Vic Mullinax, Respondents,**

v.

**Virginia Dunn LATHAM, Individually and as Personal Representative of the Estate of Annie G. Hopkins, Appellant.**

No. 3334.

Court of Appeals of South Carolina.

Heard March 7, 2001.

Decided April 23, 2001.

Harold P. Threlkeld, of Anderson, for appellant.

William N. Epps, Jr., of Epps & Stathakis, of Anderson, for respondents.

CURETON, Judge:

The respondents filed this action seeking an accounting and the surrender of certificate of deposit accounts, opened on behalf of Annie G. Hopkins (decedent), which Virginia Dunn Latham claimed by right of survivorship. The trial court granted the respondents' request, finding the funds passed under the residuary clause of Hopkins' will. Latham appeals. We reverse.

## FACTS & PROCEDURAL BACKGROUND

Between 1984 and 1986,[1] decedent opened approximately ten certificate of deposit accounts and named Latham as the joint account[2] holder of each account. Decedent contributed all the funds to the accounts, and Latham acknowledged the funds remained decedent's property during decedent's lifetime. Latham explained the accounts were intended to finance decedent's health care. Acting under decedent's power of attorney, Latham also handled decedent's finances.

At the request of decedent's nephew, Harold L. Mullinax, Attorney Al Dobbins prepared a will for decedent in 1996. Latham and Mullinax were purportedly decedent's favorite relatives, and the will devised all of decedent's personal and household effects to them in equal shares. The residuary clause also equally devised any remainder assets to Latham and Mullinax. Decedent appointed Latham and Mullinax as personal representatives.

Relying on notes he took when speaking with Mullinax, Dobbins testified he understood the estate consisted of a mobile home of little value, approximately $20,000 in cash, and the certificate of deposit accounts valued at close to $35,000.

---

1. Although certificate of deposit number 4170389 was created on June 14, 1990, the parties stipulated that all the accounts would be treated as being created prior to July 1, 1987, the effective date of the Probate Code. *See* S.C.Code Ann. § 62–1–100 (Supp.2000).

2. " 'Joint account' means an account payable on request to one or more of two or more parties...." S.C.Code Ann. § 62–6–101(4) (1987).

Dobbins did not inquire about and was never informed that the accounts were jointly titled. The accounts were not specifically referred to in the will.

Dobbins read the will to decedent prior to the signing.[3] He testified he discussed it in detail with decedent and stated decedent understood her estate included the accounts.

Mullinax died on July 11, 1996 survived by his wife, Jewel Mullinax, and the respondents, his four children. Thereafter, decedent died on July 15, 1997. At the time of her death, decedent owned ten certificates of deposit worth approximately thirty-six thousand ($36,000.00) dollars, approximately eleven-thousand ($11,000.00) dollars in cash, and a mobile home including furnishings, acknowledged to be of little value. Latham, acting as personal representative, distributed all of decedent's assets pursuant to the terms of her will except for the certificates of deposit. Latham liquidated the accounts and claimed the proceeds as the surviving joint account holder.

The respondents filed this action. The trial court concluded there was clear and convincing evidence of decedent's contrary intent to rebut the presumption of the right of survivorship and ordered the accounts to pass under the residuary clause of the will. The court denied Latham's motion to alter or amend the judgment. Latham appeals.

## STANDARD OF REVIEW

This is an action at law. *See In re Howard,* 315 S.C. 356, 434 S.E.2d 254 (1993) (claim for money due from estate is an action at law); *Estate of Cumbee,* 333 S.C. 664, 511 S.E.2d 390 (Ct.App.1999) (action to contest will is an action at law); *NationsBank of S.C. v. Greenwood,* 321 S.C. 386, 468 S.E.2d 658 (Ct.App.1996) (action to construe a will is an action at law); *Smith v. McCall,* 324 S.C. 356, 477 S.E.2d 475 (Ct.App. 1996) (finding husband's claim to include joint accounts in elective share claim is an action at law). This Court may not disturb the trial court's findings of fact unless a review of the record discloses there is no evidence to support them. *Townes Assocs. v. City of Greenville,* 266 S.C. 81, 221 S.E.2d

---

**3.** At decedent's direction, Grady Dean signed decedent's name to the will due to decedent's failing eyesight.

773 (1976) (the trial judge's findings are equivalent to a jury's findings in a law action). However, this Court's jurisdiction extends to the correction of errors of law. *Id.*

## DISCUSSION

Latham argues the trial court erred in finding clear and convincing evidence of decedent's intent at the time the accounts were created to rebut the presumption of survivorship. We agree.

Under the provisions of the South Carolina Probate Code, funds placed in a joint account remain the property of the contributing party until that party's death "unless there is clear and convincing evidence of a different intent." S.C.Code Ann. § 62–6–103(a) (1987). The presumptions governing ownership of the funds after the contributing party's death are governed by section 62–6–104 of the Probate Code:

(a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is a writing filed with the financial institution at the time the account is created ... which indicates a different intention.

(e) A right to survivorship arising from the express terms of the account or under this section ... cannot be changed by will; however, a party who owns a joint account under the provisions of Section 62–6–103(a) may effect such change by will to the extent of his ownership if the will contains clear and convincing evidence of his intent to do so.

(f) The provisions of § 62–6–104(a), (b), and (c) are applicable to all multiple-party accounts created subsequent to the effective date of this section, and unless there is clear and convincing evidence of a different intention at the time the account was created, to all multiple-party accounts created prior to the effective date of this section.

S.C.Code Ann. §§ 62–6–104(a), (e), (f) (1987 & Supp.2000).

■ Thus, section 62–6–104 establishes two means by which the right of survivorship of a joint account may be changed by the contributing party. *See Estate of Chappell v. Gillespie,* 327 S.C. 617, 491 S.E.2d 267 (Ct.App.1997). The contributing party may either: 1) file a writing with the financial institution

indicating a different intended distribution of the account proceeds; or 2) present clear and convincing evidence of a different intended distribution in her will. *Id.*

■ If the joint account was created before the enactment of the Probate Code, the surviving account holders are entitled to all remaining sums unless there is a writing filed with the financial institution or "there is clear and convincing evidence of a different intention at the time the account was created." *Smith v. McCall,* 324 S.C. 356, 358, 477 S.E.2d 475, 476 (Ct.App.1996). In the case at hand, the parties stipulated the accounts were created before July 1, 1987. There was no dispute that decedent failed to file a writing with the financial institution evidencing her intent. Therefore, the trial court was required to apply section 62–6–104(f) of the Probate Code and determine whether there was clear and convincing evidence of a different intention at the time the accounts were created.

There was evidence that the purpose of the accounts was to provide for decedent's health care needs during her lifetime. There was also evidence that at the time of the execution of her will, decedent intended to split her estate between Latham and Mullinax. However, the execution of her will occurred in 1996, at least ten years after the creation of the accounts. The respondents presented no evidence of decedent's intent at the time the accounts were created. To rebut the statutory presumption that the surviving account holder is entitled to the proceeds of a joint account created prior to 1987, there must be clear and convincing evidence of the contributor's different intention *at the time the account was created.* S.C.Code Ann. § 62–6–104(f) (Supp.2000). The burden was on the respondents to overcome the presumption by clear and convincing evidence. We find the respondents failed to do so.

■ Latham argues there is also insufficient evidence to rebut the presumption of the right of survivorship utilizing section 62–6–104(e). We agree.

Under section 62–6–104(e), the right to survivorship may be changed by will, to the extent of the contributor's ownership of a joint account under section 62–6–103(a), if the will contains clear and convincing evidence of the contributor's intent to do so. S.C.Code Ann. § 62–6–104(e) (Supp.2000).

In *Estate of Chappell*, this court addressed the application of section 62-6-104(e) to a will similar to decedent's in the case at hand in that it did not specifically mention the joint account. 327 S.C. at 626, 491 S.E.2d at 271-72. The court concluded although there were witnesses who testified as to the decedent's intent, because the will did not mention the account nor specifically limit the joint account holder's devise to that mentioned in the will, the appellants failed to overcome the presumption of the right of survivorship by clear and convincing evidence. *Id.* The court further stated:

Vague testimony about what others believed the testator might have wanted is simply insufficient—the statute clearly requires that the evidence of the testator's intent to alter the right of survivorship must be found in the will, not in the testimony of third parties about their perceptions of the testator's intentions.

*Id.*

The court in *Estate of Chappell* relied in part on *Matthews v. Nelson*, 303 S.C. 489, 401 S.E.2d 669 (1991). In *Matthews*, our supreme court determined that the provisions in a will provided clear and convincing evidence to alter the right of survivorship. *Id.* at 492-93, 401 S.E.2d at 671. The *Matthews* court explained, however, that if the account was not mentioned in the will, the residuary clause alone would not be likely to control the distribution of the account. *Id.* at 492, 401 S.E.2d at 671.

In this case, the will does not specifically mention the account and the respondents rely on the residuary clause and extrinsic evidence of decedent's intent. Relying on *Estate of Chappell* and *Matthews*, we conclude the respondents' reliance is misplaced. We find no clear and convincing evidence in decedent's will to overcome the presumption of the right of survivorship. Extrinsic evidence presented by the respondents as to decedent's intent does not meet the statutory requirement of section 62-6-104(e) that the will itself contain clear and convincing evidence of a contrary intent. *See Estate of Chappell*, 327 S.C. at 626, 491 S.E.2d at 271-72 (finding extrinsic evidence of testator's intent insufficient because section 62-6-104(e) requires the evidence of intent to be found in the will). *See generally Miller v. Doe*, 312 S.C. 444, 441

S.E.2d 319 (1994) (stating the court has no right to look beyond a plain and unambiguous statute to construe the legislature's intent).

Accordingly, the order on appeal is

**REVERSED.**[4]

HEARN, C.J., and SHULER, J., concur.

---

4. In light of our disposition, we decline to address Latham's remaining argument.