634 S.E.2d 646

**Anna Martha DREHER, Appellant,**

v.

**J. Clarence DREHER, III, as Personal Representative of the Estate of Julius Clarence Dreher, Jr., and as Trustee of the J.C. Dreher, Jr. Trust, Respondent.**

No. 26205.

Supreme Court of South Carolina.

Heard June 20, 2006.

Decided Aug. 21, 2006.

Kenneth B. Wingate and Paul D. Kent, both of Sweeny, Wingate & Barrow, P.A., of Columbia, for Appellant.

Pope D. Johnson, III, of McCutchen, Blanton, Johnson & Barnette, L.L.P., of Columbia, for Respondent.

Justice BURNETT:

Anna Martha Dreher (Appellant) filed a claim for an elective share of her husband's probate estate and alleged her husband's revocable inter vivos trust should be included in the calculation of her elective share because the trust was illusory. The probate court granted Appellant's request for an elective share but found the trust was not illusory pursuant to S.C.Code Ann. § 62–7–112 (Supp.2004). Appellant contests the probate court's construction and application of § 62–7–112 and *Seifert v. Southern National Bank of South Carolina*, 305

S.C. 353, 409 S.E.2d 337 (1991), to the trust. We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

The parties agree to the following stipulated facts and undisputed findings of fact made by the probate court:

Julius Clarence Dreher, Jr., (Decedent) and Appellant were married on March 21, 1968. On April 4, 1988, Decedent established the J.C. Dreher, Jr. Trust (Dreher Trust). Decedent and his son were designated as co-trustees. During his lifetime, Decedent received disbursements from the Dreher Trust as a beneficiary. Also on April 4, 1988, Decedent executed his Last Will and Testament, in which he devised the rest and residue of his estate to the Dreher Trust. Decedent devised to Appellant all the personal property acquired subsequent to their marriage and a bequest of $10,000. Prior to his death, Decedent designated Appellant as the beneficiary of all but one of his Individual Retirement Accounts.

Decedent died on June 28, 1997. Appellant timely and properly filed her claim for an elective share of Decedent's probate estate. Appellant sought a court order granting her an elective share, declaring the Dreher Trust invalid as illusory and thus includable in the calculation of her elective share, and removing the personal representative. J. Clarence Dreher, III, as Personal Representative of the Estate of Decedent and as Trustee of the Dreher Trust, (Respondent) denied the claim and requested, among other things, that S.C.Code Ann. § 62–2–201 (Supp.2005) (the elective share statute) be declared unconstitutional.

After a merits hearing, the probate court granted Appellant's request for her elective share of Decedent's probate estate.[1] Pursuant to S.C.Code Ann. § 62–7–112, the probate court found the Dreher Trust was not illusory and thus could not be used to calculate or fund the elective share. Further, the probate court found the elective share statute was constitutional and refused to remove the personal representative.

---

1. The parties have not challenged this ruling, and the unappealed ruling is the law of the case. *See In re Morrison,* 321 S.C. 370 n. 2, 468 S.E.2d 651 n. 2 (1996) (an unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal).

The parties agreed to appeal directly to this Court pursuant to S.C.Code Ann. § 62–1–308(g) (Supp.2005).

## ISSUES

I. Did the probate court err in its construction of S.C.Code Ann. § 62–7–112 (Supp.2004)?

II. Did the probate court err in its application of S.C.Code Ann. § 62–7–112 (Supp.2004) and *Seifert v. Southern National Bank of South Carolina*, 305 S.C. 353, 409 S.E.2d 337 (1991), to the Dreher Trust?

III. Did the probate court err in finding S.C.Code Ann. § 62–2–201 (Supp.2005) constitutional?

## STANDARD OF REVIEW

 "When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts." *J.K. Constr., Inc. v. W. Carolina Reg'l Sewer Auth.*, 336 S.C. 162, 166, 519 S.E.2d 561, 563 (1999). "In such cases, the appellate court owes no particular deference to the trial court's legal conclusions." *Id.*

 The issue of interpretation of a statute is a question of law for the court. *Charleston County Parks and Rec. Comm'n v. Somers*, 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995) (holding the determination of legislative intent is a matter of law). This Court is free to decide questions of law with no particular deference to the lower court. *Moriarty v. Garden Sanctuary Church of God*, 341 S.C. 320, 327, 534 S.E.2d 672, 675 (2000).

## LAW AND ANALYSIS

### I. Construction of S.C.Code Ann. § 62–7–112

Appellant argues the probate court erred in construing S.C.Code Ann. § 62–7–112 (Supp.2004). We agree.

In *Seifert v. Southern National Bank of South Carolina*, 305 S.C. 353, 409 S.E.2d 337 (1991), a widow sought a declaratory judgment that her husband's revocable inter vivos trust was void because the trust was illusory. The Court found the

husband as settlor retained extensive control of the trust during his lifetime and the trustee's powers were "custodial." *Id.* at 355–56, 409 S.E.2d at 338. The Court concluded the trust was illusory and held "where a spouse seeks to avoid payment of the elective share by creating a trust over which he or she exercises substantial control, the trust may be declared invalid as illusory, and the trust assets will be included in the decedent's estate for calculation of the elective share." *Id.* at 357, 409 S.E.2d at 339.

After *Seifert,* the legislature enacted S.C.Code Ann. § 62–7–112 (effective June 23, 1992).[2] This statute provided:

A revocable inter vivos trust may be created either by declaration of trust or by a transfer of property and is not rendered invalid because the trust creator retains substantial control over the trust including, but not limited to, (1) a right of revocation, (2) substantial beneficial interests in the trust, or (3) the power to control investments or reinvestments. Nothing herein, however, shall prevent a finding that a revocable inter vivos trust, enforceable for other purposes, is illusory for purposes of determining a spouse's elective share rights under Section 62–2–201 et seq. A finding that a revocable inter vivos trust is illusory and thus invalid for purposes of determining a spouse's elective share rights under Section 62–2–201 et seq. shall not render that revocable inter vivos trust invalid, but would allow inclusion of the trust assets as part of the probate estate of the trust creator only for the purpose of calculating the elective share and would make available the trust assets for satisfaction of the elective share only to the extent necessary under Section 62–2–207.

The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Burns v. State Farm Mut. Auto. Ins. Co.,* 297 S.C. 520, 522, 377 S.E.2d 569, 570 (1989). If a statute's language is plain, unambiguous, and conveys a clear meaning, then "the rules of statutory interpretation are not needed and the court has no

---

2. South Carolina Code Ann. § 62–7–112 (Supp.2004) is currently codified as S.C.Code Ann. § 62–7–401(c) (Supp.2005). The current § 62–7–401(c) uses the same language as former § 62–7–112, except that "trust creator" is now referred to as "settlor."

right to impose another meaning." *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). The words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Hitachi Data Sys. Corp. v. Leatherman,* 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992).

The probate court construed 62–7–112 to prohibit a finding that a revocable inter vivos trust was illusory when a settlor retained substantial control of the trust, and the court concluded the statutory provision accordingly modified the *Seifert* holding. The probate court also determined that unless a revocable inter vivos trust was declared illusory for a reason other than the settlor's retained substantial control, then the trust assets could not be included in the elective share calculation.

The probate court's construction was erroneous. Section 62–7–112 confirms the validity of revocable inter vivos trusts by providing such trusts shall not be declared completely invalid because the trust creator or settlor retained substantial control over the trust. The statutory provision then provides, "Nothing herein, however shall prevent a finding that a revocable inter vivos trust, enforceable for other purposes, is illusory for purposes of determining a spouse's elective share rights. . . ." The second sentence clearly conveys that no part of the statute, including the first sentence, should be construed to prevent a finding that a revocable inter vivos trust is illusory for purposes of the elective share. This construction of the second sentence does not cause the first sentence to be superfluous because of the third sentence in the statute. The third sentence specifically provides that a revocable inter vivos trust found to be illusory and thus invalid for elective share purposes will not be rendered completely invalid. Further under § 62–7–112, if a revocable inter vivos trust is illusory for elective share purposes, the trust assets become a part of the probate estate only for the calculation of the elective share and are available to satisfy the elective share to the extent necessary under 62–2–207.

Section 62–7–112 uses the word "invalid" in two contexts. A revocable inter vivos trust which is illusory is invalid for purposes of determining a surviving spouse's elective share

rights. However, under the terms of the statute, a revocable inter vivos trust, which is illusory and thus invalid for elective share purposes, is not completely invalid. Section 62–7–112 overruled *Seifert* to the extent that *Seifert* held a revocable inter vivos trust which had been declared illusory was completely invalid.

## II. Application of S.C.Code Ann. 62–7–112 and *Seifert*

■ Appellant contends the probate court erred in applying § 62–7–112 and *Seifert* to the Dreher Trust. We agree.

The probate court found the co-trustees paid income to Decedent; filed tax returns; and invested, monitored, and reported the assets of the Dreher Trust. The probate court also found § 62–7–112 specifically prohibited invalidation of the Dreher Trust because Decedent retained substantial control of the Dreher Trust until his death. Based on these findings, the probate court concluded the Dreher Trust was not illusory.

In *Seifert*, the inter vivos trust was revocable, and the settlor had extensive powers over the trust. The trustee's role was custodial, and the trustee was prohibited from exercising any powers of sale, investment, or reinvestment during the settlor's lifetime without the settlor's written notice or certification of the settlor's incompetence. 305 S.C. at 355–56, 409 S.E.2d at 338.

In the instant case, Decedent retained the powers to revoke the trust, to withdraw all or any part of the principal, to name a substitute or successor co-trustee, and to revoke the co-trustee requirement; he was a co-trustee and could sell, manage, invest, and reinvest trust property; [3] and as a trust beneficiary, he received income during his lifetime. Moreover, any benefit Appellant received from non-probate assets of Decedent's estate are irrelevant to the determination of whether the Dreher Trust is illusory because, as the surviving spouse, Appellant had a statutory right to take an elective share of one-third of the decedent's *probate* estate. [4] *See also*

3. The co-trustees could not exercise their powers and discretions unilaterally, but Decedent as settlor could revoke this unanimity requirement.

4. Probate estate is defined as "the decedent's property passing under the decedent's will plus the decedent's property passing by intestacy,

*Gallagher v. Evert,* 353 S.C. 59, 67, 577 S.E.2d 217, 221 (Ct.App.2002) ("Any benefits the surviving spouse may obtain through non-probate assets of the deceased spouse's estate are immaterial to the surviving spouse's right to seek an elective share of the [probate] estate.").

■ We conclude Decedent retained substantial control because he "retained such extensive powers over the assets of the trust that he ha[d] until [his] death the same rights in the assets after creation of the trust that he had before its creation." *Seifert,* 305 S.C. at 357 n. 2, 409 S.E.2d at 339 n. 2; [5] *see also id.* at 355–56, 409 S.E.2d at 338 (referencing the illusory transfer test to determine whether a revocable inter vivos trust was illusory) (citing *Moore v. Jones,* 44 N.C.App. 578, 261 S.E.2d 289, 292 (1980) ("only that where, as here, the settlor retains up to the instant of his death powers over the trust assets so extensive that in a real sense he had the same rights therein after creating the trust as he had before its creation, such assets should be considered part of his estate insofar as the statutory rights granted the settlor's surviving spouse . . . .") and *Newman v. Dore,* 275 N.Y. 371, 9 N.E.2d 966, 969 (1937) (describing the illusory transfer test as "the test of whether the [settlor] has in good faith divested himself of ownership of his property or has made an illusory transfer. 'The 'good faith' required of the . . . settlor in making a valid disposition of his property during life does not refer to the purpose to affect his wife but to the intent to divest himself of the ownership of the property. . . .' '") (internal citation omitted)). We find the Dreher Trust is illusory and thus invalid for elective share purposes, but remains valid for all other purposes.

---

reduced by funeral and administration expenses and enforceable claims." S.C.Code Ann. § 62–2–202 (Supp.2005).

**5.** We note the retention, and not the exercise, of substantial control is the key to determining whether a revocable inter vivos trust is illusory. Furthermore, the retention of the power to revoke "gives the settlor the greatest substantial control." William D. Macdonald, *Fraud on the Widow's Share* 90 (1960); *see also* S. Alan Medlin, *Result–Oriented Interpretations of the South Carolina Probate Code Create Estate of Confusion,* 44 S.C. L.Rev. 287, 300 (1993) ("The right to revoke is the ultimate right that a settlor can retain; all other rights are incidental.").

### III. Constitutionality of S.C.Code Ann. § 62–2–201

As an additional sustaining ground, Respondent asks this Court to declare the elective share statute unconstitutional. We refuse to address this issue because Respondent failed to properly raise it in this Court. *See* Rule 220(c), SCACR (appellate court may affirm for any ground appearing in the record on appeal); Rule 203, SCACR (notice of appeal requirements).

### *CONCLUSION*

The probate court erred in its construction and application of § 62–7–112 and in its application of *Seifert* to the Dreher Trust. Because Decedent retained substantial control over the Dreher Trust, the trust is illusory for purposes of determining Appellant's elective share rights. We cannot address Respondent's constitutional issue, and we need not address Appellant's remaining issues. *See Whiteside v. Cherokee County School Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (appellate court need not address remaining issues when resolution of prior issue is dispositive). We remand this case to the probate court for determination of Appellant's elective share.

**REVERSED AND REMANDED.**

MOORE, A.C.J., WALLER, PLEICONES, JJ., and Acting Justice EDWARD B. COTTINGHAM, concur.