669 S.E.2d 591

**Cindy Barrett GARNETT, Plaintiff,**

v.

**WRP ENTERPRISES, INC. & Revmax, Inc. d/b/a Thrifty Car Rental and Philadelphia Indemnity Insurance Company, Defendants,**

**Of whom Philadelphia Insurance Company is the, Petitioner,**

and

**WRP Enterprises, Inc. & Revmax, Inc. d/b/a Thrifty Car Rental are the, Respondents.**

**No. 26566.**

Supreme Court of South Carolina.

Heard Oct. 9, 2008.

Decided Nov. 24, 2008.

James Edward Bradley, of Moore, Taylor & Thomas, of West Columbia, South Carolina and Mark E. Dreyer, of Conner and Winters, of Tulsa, Oklahoma for Petitioner.

William P. Davis, of Baker, Ravenel & Bender, of Columbia, for Respondents.

WRP Enterprises, Inc. and Revmax, Inc. d/b/a Thrifty Car Rental.

PER CURIAM:

In this insurance coverage dispute, we granted certiorari to review the Court of Appeals decision in *Garnett v. WRP Enterprises, Inc.*, 368 S.C. 549, 630 S.E.2d 44 (Ct.App.2006). Petitioner Philadelphia Insurance Company argues the Court of Appeals erroneously held that Philadelphia Insurance Company was responsible for a supplemental policy referenced in a contract between Bierdie Williams and WRP Enterprises, and Thrifty Car Rental. We agree and reverse.

### FACTUAL/PROCEDURAL BACKGROUND

Cindy Garnett was injured in a wreck involving Bierdie Williams, who was driving a car Williams rented in Georgia from WRP Enterprises and Thrifty Car Rental (hereinafter collectively "Thrifty"). When renting the car Williams purchased an additional million dollar insurance policy, which Thrifty admitted it was not authorized to sell. Garnett brought a declaratory judgment action against Thrifty and Philadelphia Insurance Company to determine what coverage the renter, Williams, had at the time of the accident.

Thrifty had contracted with Philadelphia for insurance on the vehicles it rented. This contract contained two levels of liability: (1) the minimum coverage that provided $15,000 per person and $30,000 per accident; and (2) a higher rate of coverage that provided $100,000 per person and $300,000 per accident. The circuit court granted Thrifty's motion for summary judgment and held that Philadelphia was contractually

obligated to provide the $100,000/$300,000 coverage. The Court of Appeals affirmed. Philadelphia petitioned for certiorari, which this Court granted.

## LAW/ANALYSIS

Preliminarily we note that this dispute does not concern whether Williams is entitled to the higher coverage, for Thrifty conceded up to $1,000,000 worth of coverage is available to Williams, and hence Garnett. The dispute before us is limited to determining whether Thrifty may invoke its policy with Philadelphia to make Philadelphia the responsible insurer for $100,000 to $300,000 of the $1,000,000 policy. We also note that the unchallenged findings in the underlying proceedings render Georgia law as controlling. *See Dreher v. Dreher,* 370 S.C. 75, 78 n. 1, 634 S.E.2d 646, 647 n. 1 (2006) (holding an unchallenged ruling becomes law of the case). Therefore, the application of Georgia law is the law of the case.

We must examine the contracts between Williams and Thrifty *and* Philadelphia and Thrifty to determine if Philadelphia's higher rate of coverage was triggered. For the reasons set forth below, we conclude that the unambiguous terms of the respective policies precludes application of the Philadelphia policy.

"As is true with all contracts, unambiguous terms in an insurance policy require no construction, and their plain meaning will be given full effect, regardless of whether they might be of benefit to the insurer, or be of detriment to an insured." *Payne v. Twiggs County Sch. Dist.,* 269 Ga. 361, 496 S.E.2d 690, 691–92 (1998). "While an ambiguous insurance contract will be liberally construed in favor of the insured, one which when construed reasonably and in its entirety, unambiguously and lawfully limits the insurer's liability, cannot be expanded beyond what is fairly within its plain terms." *Hawkins Iron & Metal Co., Inc. v. Continental Ins. Co.,* 128 Ga.App. 462, 196 S.E.2d 903, 904 (1973); *see also* Ga.Code Ann. § 13–2–2 (Supp.2007) (outlining Georgia's contract interpretation rules).

The contract between Thrifty and Philadelphia (hereinafter Philadelphia contract) delineated two separate coverage rates

in the policy's schedule of coverages located in the Dual Interest Endorsement:

> When the Insured's *rental contract provides the renter with minimum state financial responsibility limits,* the following limits of liability are applicable to this policy:
>
> Bodily Injury Liability      $15,000.00 each person
>                                             $30,000.00 each accident
> Property Damage Liability   $10,000.00 each accident
>
> When the *rental contract provided the renter with limits in excess* of the minimum state financial responsibility laws, the following limits of liability are applicable to this policy:
>
> Bodily Injury Liability      $100,000.00 each person
>                                             $300,000.00 each accident
> Property Damage Liability   $ 50,000.00 each accident

(emphasis added).[1] Accordingly, coverage pursuant to the Philadelphia contract exists only when the rental contract provided the coverage. We must turn to the contract between Thrifty and Williams (hereinafter the rental contract) to determine if "the rental contract provided the renter with limits in excess of the minimum state financial responsibility laws."

The rental contract allowed the renter to purchase an optional, additional insurance policy. Section 10(A)2 of the rental contract provided the option to purchase a separate, supplemental liability insurance policy:

> SLI [supplemental liability insurance] provides Me with *a separate policy* providing excess coverage against such claims for the difference between the Primary Protection and a maximum combined single limit of $1,000,000 (U.S.) per occurrence for bodily injury, including death and property damage, for other than the Car while the Car is on rent to Me.

(emphasis added). Williams purchased this additional policy; thereby, Williams paid an additional premium to Thrifty to purchase the supplemental coverage through a *separate* policy.

---

1. Admittedly, Philadelphia referenced an affidavit in support of its contention that the $100,000/$300,000 policy limits were intended to apply to corporate rentals only; however, this affidavit is properly excluded by the parol evidence rule and this Court need not consider this information. *See* Ga.Code Ann. § 13–2–2(1) ("Parol evidence is inadmissible to add to, take from, or vary a written contract."). This is of no moment, for Thrifty concedes that it was not authorized to issue the higher policy coverage to the renter Williams.

Both these contracts, the rental contract and the Philadelphia contract, are unambiguous. *Smith v. Standard Oil Co.,* 227 Ga. 268, 180 S.E.2d 691, 692 (1971) ("[The] parol evidence rule [states] that a valid written contract, which is complete, and the terms of which are not ambiguous, can not be contradicted, added to, altered, or varied by parol agreements."). We hold, through a plain reading of these contracts in concert with each other, Philadelphia's higher policy limits of $100,000/$300,000 are inapplicable to this case. For Philadelphia's higher policy limits to be triggered, the rental contract itself must provide the excess coverage. Here, the rental contract makes no such provision. Williams obtains excess coverage only through a separate, additional contract. In giving meaning to the clear terms of these contracts, we are not persuaded by the argument that the rental agreement "was the mechanism by which Thrifty became obligated to provide additional coverage." *Garnett v. WRP Enterprises, Inc.,* 368 S.C. 549, 556, 630 S.E.2d 44, 47 (Ct.App.2006).

We find no merit in Thrifty's contention that an exclusive focus on the Philadelphia contract (to the exclusion of the rental contract) is appropriate and yields a different result. We must examine the terms of the Philadelphia contract to ascertain what Thrifty and Philadelphia agreed to. Thrifty and Philadelphia agreed in unmistakable terms that Philadelphia's coverage was applicable only when the rental contract provided the coverage. Thus, the coverage question before us requires that we examine the Philadelphia contract *and* the rental contract. Because the rental contract provides that Williams purchased the excess coverage through a *separate* policy outside the rental contract, the excess limits are not provided by the Philadelphia contract.

## CONCLUSION

The Court of Appeals erred in affirming the grant of summary judgment finding the Philadelphia contract provided the excess coverage to Williams. Reviewing these unambiguous contracts in concert with each other, we hold Philadelphia's higher coverage rate of $100,000/$300,000 was not impli-

cated. Therefore, the judgment of the Court of Appeals and the trial court is

**REVERSED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.