THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jennifer Runion,
 as a Personal Representative of the Estate of Dennis Runion, Respondent,
 v.
 Nancy Runion, Appellant.
 
 
 

Appeal From Chesterfield County
 Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2009-UP-370
 Submitted June 1, 2009  Filed June 25,
2009    

AFFIRMED

 
 
 
 Richard Edward Conner, Jr., of Hartsville, for Appellant.
 William O. Spencer, Jr., of Chesterfield, for Respondent.
 
 
 

PER CURIAM: 
 After Dennis Runion died testate, his wife, Nancy Runion, petitioned the
 probate court to include his two Individual Retirement Accounts (IRAs) in his
 estate.  The probate court refused, and the circuit court affirmed this
 refusal.  Nancy now appeals, arguing the courts below erred in refusing to
 include these assets in her husband's estate because the IRAs constituted
 illusory trusts intended to deprive her of her elective share.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann.
 § 62-2-201 (2009) (establishing a spousal elective share of one third of a
 decedent's probate estate, subject to statutory limitations); S.C. Code Ann. §
 62-2-202 (2009) (limiting a decedent's probate estate to "the decedent's
 property passing under the decedent's will plus the decedent's property passing
 by intestacy, reduced by funeral and administration expenses and enforceable
 claims"); S.C. Code Ann. § 62-6-201 (2009) (declining to invalidate any
 provision in a deposit or trust agreement requiring payment of "money or
 other benefits theretofore due to, controlled, or owned by a decedent" to
 the decedent's designee, where the decedent designated the payee in the deposit
 or trust agreement or in a separate writing and deeming such a provision non-testamentary); Dreher v. Dreher, 370 S.C. 75, 79, 634 S.E.2d 646, 648 (2006) (holding
 an appellate court is free to review the circuit court's application of law to
 stipulated or undisputed facts without deference to the circuit court's legal
 conclusions); Cowburn v. Leventis, 366 S.C. 20, 45, 619 S.E.2d 437, 451
 (Ct. App. 2005) (observing the Internal Revenue Code may treat an IRA as a
 trust for tax purposes but declining to declare an IRA a trust under South
 Carolina law).  
AFFIRMED.
HEARN, C.J., THOMAS and KONDUROS, JJ., concur

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.