Justice PLEICONES.
I respectfully dissent and would affirm the decision of the Court of Appeals as I agree that the circuit court erred in *585 granting the City summary judgment on S & W’s contract claim and on Gary and Garfield’s quantum meruit claim. As explained below, I strongly disagree with that portion of the majority’s opinion that would extend the applicability and scope of the parol evidence rule.
The parol evidence rule is a substantive rule of law that prohibits the introduction of evidence to contradict, add to, alter, explain, or vary the terms of an unambiguous valid written contract. E.g. Garnett v. WRP Enterps., Inc., 380 5.C. 206, 669 S.E.2d 591 (2008). The scope of this rule is limited to evidence of understandings and negotiations that preceded the making of the complete written agreement, not post-formation conduct or agreements. 6 Peter Linzer, Cor-bin on Contracts § 25.2 (Joseph M. Perillo ed. 2010).
The majority would now expand the reach of the parol evidence rule in two ways. As explained above, the predicate for the application of the parol evidence rule is a valid and complete written contract: the majority now proposes to apply the rule to an incomplete writing. The majority would also expand the scope of the rule and hold not only that it bars prewriting understandings of the parties, but all extrinsic evidence, whether ante- or post-writing. Explaining the effect of this newly expanded rule, the majority holds that when a writing “unambiguously fails to create an enforceable agreement,” the determination whether that document is a valid contract is to be made by looking only within the four corners of the [unambiguously unenforceable] document. In other words, if parties place some part of their contract in writing, but that writing is insufficient to stand alone as a contract, then as a matter of law the parties have no contract.
This new rule unintentionally affects the statute of frauds,[6] since, for example, no longer could evidence of part performance satisfy the statute where the written memoranda did not. E.g. Mims v. Chandler, 21 S.C. 480(1884) (written receipt insufficient to satisfy statute but part performance allowed court to order specific performance). Moreover this new rule fundamentally alters the law of contracts in this State. See *586 e.g. Gladden v. Keistler, 141 S.C. 524, 140 S.E. 161 (1927) (while holding a receipt was a contract, opinion acknowledges parol evidence rule does not apply to incomplete written agreements). Further, the majority purports to distinguish Conner v. City of Forest Acres, 363 S.C. 460, 611 S.E.2d 905 (2005), which reiterates and applies the here-to-fore well settled rule that evidence of conduct is admissible to decide an issue of contract formation. In the majority’s view, Conner asked whether an employee handbook altered the employee’s “at-will employment contract.” As I understand Conner, there was no pre-handbook “at-will employment contract.” Instead, the employee’s at-will status resulted from South Carolina’s continued recognition of the doctrine of at-will employment, that is, “employment at-will is presumed absent the creation of a specific contract of employment.” E.g., Barron v. Labor Finders of S.C., 393 S.C. 609, 614, 713 S.E.2d 634, 636 (2011). In my opinion, the majority errs when it holds that evidence found outside the four corners of an incomplete -writing is no longer admissible to prove the existence of a contract.
I respectfully dissent and would affirm the decision of the Court of Appeals.

. S.C.Code Ann. § 32-3-10 (2007). See also Corbin, supra at pp. 20-22, "The Statute of Frauds Compared with the Parol Evidence Rule.”